SIDNEY C. CROSS, Trustee, Respondent, *v.* NATIONAL FIRE
INS. CO. Appellant.

*Supreme Court, Fifth Department, General Term, June 22, 1889.*

1. *Deposition. Affidavit.*—An affidavit for an examination of a party be-
   fore trial should be made by a person who knows the facts, or a
   reason assigned why it is not so made.
2. *Same. Bad faith.*—The refusal by an insurance company to receive
   the proofs of loss furnished by the insured, where all the informa-
   tion sought to be obtained by the examination can be found in such
   proofs, is an indication that the application was made for pur-
   poses of delay and not in good faith.
3. *Same. Record.*—Where the information sought by the examination
   can easily be ascertained by an inspection of the records of the
   county clerk's office, the order for the examination will be vacated.

Appeal from an order of the special term vacating an
order made by a supreme court justice directing the
plaintiff to appear before a referee and submit to an ex-
amination before answer, for the purpose of enabling the
defendant to prepare its answer, as well as for trial.

*Ellsworth, Potter & Storrs,* for respondent.

*I. N. Ames,* for appellant.

MACOMBER, J.—The ground of this motion is stated, in
part, to be, that the affidavit on which the original order
for examination was granted, was insufficient under section
872 of the Code of Civil Procedure, as supplemented by
our rules of practice.

The action is upon a policy of fire insurance.   The affida-
vit, which is made by the attorney of record for the defend-
ant, alleges that one, A. H. Bowen, was the agent and ad-
juster of the defendant, and had the management of the
case in charge, and that he had told the affiant what he

could learn about the case. The affidavit is entirely upon information and belief, and concludes as follows: "That deponent's knowledge, information and belief is derived from statements made to deponent by said Bowen as the adjuster of the defendant." This is mere hearsay evidence. Bowen should have made the affidavit, or some reason should have been assigned why such affidavit could not be forthcoming. Such an allegation is insufficient to support an order of this kind, and the order of the special term was right in vacating it.

Moreover, all the information, with perhaps one or two exceptions adverted to hereafter, which the defendant desired, could have been obtained in the proofs of loss which were furnished by the plaintiff to the defendant and its agents. The defendant, however, by its agent, not only in its correspondence refused to receive the proofs of loss as they were furnished, but gave notice in writing that it would not pay any attention in future to any further proofs, and did not care to have any supposed defects remedied, inasmuch as they should defend a recovery upon the policy. If these proofs of loss conformed to the requirements of the policy, they contained a description and valuation of the property destroyed, and the amount of other insurance thereon, if any, which are two of the principal facts which the affidavit states are desired to be ascertained before the answer can be framed. This circumstance, however, did not appear in the original papers, but was the subject-matter of affirmative affidavits used by the plaintiff upon which the special term has acted in part. It goes far to show that the application for the examination of the plaintiff was not made in good faith, but for purposes of delay, as is contended by counsel for the respondent.

The only remaining fact, of importance, which seems to have been desired by the defendant, relates to the nature and extent of the plaintiff's title to the premises. This, doubtless, could have been easily ascertained by an inspec-

tion of the records of the county clerk's office of Niagara county, as is also shown by the affidavits used in behalf of the respondent. But, irrespective of the affirmative facts shown upon the motion to vacate the order, the order for examination could not stand under the defects already pointed out, and appearing in the affidavit upon which it was granted.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

BARKER, P. J., concurs.

DWIGHT, J. (dissenting).—The following is the full text of the statute (Code of Civil Procedure, sections 870, *et seq.*), upon which the proceeding in this action was based, so far as applicable to the particular case of the examination of the plaintiff, in a pending action, by the defendant, before answer.

" Section 870. The deposition of a party to an action pending in a court of record, * * * may be taken * * * at the instance of an adverse party, * * * at any time before trial, as prescribed in this article.

" Section 872. The person desiring to take a deposition as prescribed in this article may present to a judge of the court in which the action is pending, * * * an affidavit, setting forth, as follows :

" *First.* The names and residences of all the parties to the action, and whether or not they have appeared; and if either of them has appeared by an attorney, the name and residence, or office address of the attorney. * * *

" *Second.* The nature of the action, and the substance of the judgment demanded, and * * * the nature of the defense.

" *Fourth.* The name and residence of the person to be examined ; and that the testimony of such person is material and necessary for the party making such application in the * * * defense of such action.

"*Seventh.* Any other fact necessary to show that the case comes within section 870.

"Section 873. The judge to whom such an affidavit is presented must grant an order for the examination ; * * * the order may, in the discretion of the judge, designate and limit the matters as to which he (the party) shall be examined."

Portions of the statute omitted, show that it is only in case the person to be examined is not a party to the action that the affidavit is required to set forth that such person " is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist, which render it proper that he should be examined a sprescribed in this article." Section 872, sub. 5.

So, too, it is only in case the action has not yet been commenced, that it is required to set forth " the circumstances which render it necessary tor the protection of the applicant's rights, that the witness's testimony shall be perpetuated " (Id., sub. 6) ; or that the judge is permitted to dismiss the application for want of " reasonable ground to believe * * * that it is made in good faith." Section 873, last clause of the first sentence.

The statute is anomalous in the effect of some of its provisions, but it is positive in its terms, and (except in the single particular of limiting the scope of the examination) it leaves nothing to the judgment or discretion of the judge to whom the application is made.

I am unable to see wherein the affidavit presented to Mr. Justice VANN failed to meet the requirements of the statute The objection made to it in the notice of motion to vacate the order, was that it did not state the defense, nor show that the examination was necessary. I find that the affidavit does " set forth " two grounds of defense, and states, in respect to each, " that the same is one of the defenses herein." I do not suppose that the court is at liberty, for

the purpose of condemning the affidavit, to assume that there are other defenses which are not set forth.

In respect to the second ground of objection specified, it will be seen that the statute, quoted above, nowhere requires that it should be made to appear that the examination is necessary for any purpose, nor for what purpose it is desired by the party making the application, whether for aid in framing an answer, or for use on the trial; it is only required that the affidavit shall set forth that the testimony of the person to be examined is material and necessary for the party making the application, in the defense of the action (subd. 4, *supra*); and that requirement is satisfied by the affidavit in this case.

The learned judge at special term based his decision upon facts *aliunde* the affidavit on which the order was made, which, in his judgment, demonstrated laches and bad faith on the part of the defendant in making the application. In this, I think his decision was erroneous. The order of Justice VANN being properly made upon the proofs before him, *i. e.*, upon an affidavit which sets forth all the facts required by the statute, it cannot be vacated, except upon proofs which successfully controvert some of the facts which are thus set forth, and are required to be set forth in the affidavit upon which the order was granted. If the defendant has gone beyond the requirements of the statute in the statements of his affidavit, it will not avail the plaintiff to controvert those statements, which are surplusage merely. So long as enough remains of the affidavit, notwithstanding the adverse proofs, to satisfy all the requirements of the statute, the order must stand.

But if the grounds assigned for the order at special term were sufficient, I should hardly concur with that court in holding these grounds established. It is difficult to see how laches, by delay to apply for the order, could be predicated of the defendant's proceeding, since, by the statute, the order might be applied for at any time before trial. The

delay in service of an answer was shown to have been due to long and severe illness of the defendant's attorney, and the time to answer had been regularly extended. In respect to the *bona fides* of the application, we think it can hardly be said that the defendant had in its possession, in the proofs of loss, all the information it seeks to obtain by the examination. The defendant is not bound by the statements contained in the plaintiff's proofs of loss, and the court was not informed, nor was the defendant required to disclose, precisely what information it sought or expected to obtain by the means provided by the statute.

I am aware that there are decisions of the special and general terms of this court which seem to require more proofs upon an application of this kind than there are prescribed by the statute, of which an abstract has been given; but I think much of the discussion in those cases has arisen from an undue adherence to the practice which had grown up under the former statute. Code of Procedure, § 391. The provision of that statute was very general in its terms —merely giving the right to such an examination, and leaving the details of the proceeding to obtain it, to be prescribed by the general rules of practice and the decisions of the courts. Whereas the present Code—after the method peculiar to that enactment—prescribes the minutest details of practice, in this proceeding as in others, and leaves nothing to be supplied by the rules or decisions of the courts.

I think the unmistakable effect of the present statute is to give to either party to an action, who brings his case within the terms prescribed, the absolute right to examine any adverse party as a witness; and that the judge to whom the application for such examination, supported by the statutory affidavit, is presented, has no discretion to refuse the order, or to require proof of any fact beyond those categorically prescribed by the sections of the statute above quoted. The only discretion given to the judge is that of deciding

whether the examination shall be entirely general, or limited to some particular branch or issue of the action.

As already intimated, I regard the statute as anomalous in many of its provisions, and capable of mischievous results in many cases; but the province of amending statutes belongs to the legislature, and not to the courts.

The affidavit in question seems to meet the requirements of the statute. It "sets forth"—in the entitling both of the affidavit and of the complaint, which is made a part of the affidavit—the names of the parties; the place of residence of the one, and the location of the principal business office of the other; that both have appeared by attorneys, and the names and places of residence of such attorneys; the nature of the action and of two proposed defenses; the name and residence of the person to be examined (the plaintiff), and that his testimony is material and necessary for the defendant in the defense of the action. These are, *seriatim*, the facts, and the only facts, which the statute requires shall be set forth in the affidavit; and section 873 provides: "The judge to whom such an affidavit is presented must grant an order for the examination if (as in this case) the action is pending."

It would seem that it was imperative upon Justice VANN to grant the order in this case, and that—the facts above enumerated not being controverted by the affidavits presented on the motion to vacate—the order vacating was improperly granted, and should be reversed.