### PACH et al. v. GEOFFROY et al.

(*Supreme Court, General Term, First Department.* June 29, 1892.)

1. INJUNCTION—STAY PENDING APPEAL.
   Pending appeal by defendant from a judgment enjoining the operation of certain machinery on certain premises, it is in the discretion of the trial court to stay enforcement of the judgment.

2. SAME—CONDITIONS—UNDERTAKING.
   As a condition of staying the enforcement of an injunction pending appeal, it is improper to require an undertaking to pay liquidated damages in case of affirmance, but it should be conditioned to pay such damages as may be sustained by plaintiff by reason of defendant's continuing, during the pendency of the appeal, the acts enjoined.

3. AFFIDAVITS BY ATTORNEY—STATEMENT OF CLIENT.
   A statement by an attorney in an affidavit that his clients have informed him, etc., will not be considered, where the parties themselves can make the affidavit.

Appeal from special term, New York county.

Action by Gotthelf Pach and others against Nicholas Geoffroy, impleaded with Arthur S. Geoffroy, to enjoin the carrying on of a business on certain premises with machinery causing vibration. Judgment for plaintiffs. From an order staying all proceedings on the part of plaintiffs to enforce the judgment pending the appeal of defendant Nicholas Geoffroy on condition (1) that he file an undertaking in the sum of $15,000, conditioned that he pay plaintiffs, in the event of the final affirmance of the judgment, the sum of $15,000 as liquidated damages; and (2) that he pay to plaintiffs' attorney the referee's fees in the action,—defendant appeals. Order modified.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*D. G. Crosby*, (*Joseph Fettretch*, of counsel,) for appellant. *Abram Kling*, for respondents.

PATTERSON, J. The order made staying proceedings on the appeal from the judgment herein was within the discretion of the judge to whom the application was made, and we see no reason for disturbing that order, so far as the stay is concerned. But the conditions imposed we regard as onerous in the extreme. There was nothing presented as reliable proof which justified fixing the amount of the undertaking to be given at $15,000 or establishing that amount as liquidated damages. The plaintiffs did not, nor did either of them, make affidavit as to the expenses they had incurred, or the amount of damage they had suffered, or probably would sustain, by reason of the acts of the defendants enjoined by the decree appealed from. All that appears is a statement in the affidavit of the plaintiffs' attorney "that the said plaintiffs have informed your deponent that expenses of this litigation have, independent of the suffering and annoyance caused by the acts of the defendants, amounted to the sum of five thousand dollars." Why neither of the plaintiffs have deposed as to this statement does not appear, and we have held, time and time again, that such a statement as this, made by an attorney, where the party himself can make the affidavit, will not be regarded by the court.

It is perfunctory swearing, and must be discouraged. There was nothing before the court to justify the requirement of an undertaking in so large an amount, nor is it proper to require on such a motion that the undertaking shall be for liquidated damages. This order should be modified. The stay of proceedings will be maintained for the present, but the appellants must, within 10 days, apply anew to the special term to fix the amount of an undertaking to be given as a condition of continuing the stay until the decision of the appeal from the decree, and on that application, whatever is to be presented on either side for the consideration of the court must be by affidavits of persons competent to make them. The undertaking must be filed within a time to be fixed by the special term, and be conditioned that the defendants will pay to the plaintiffs such damage as may be sustained by the plaintiffs by reason of the defendants continuing, during the pendency of the appeal, the acts enjoined by the decree. No costs of this appeal to either party. All concur.