ANDREW MURI *vs.* JOHN A. WHITE, *et. al.*

Opinion filed October 8th, 1898.

**Appeal—Review.**

> The jury having rendered a verdict on testimony that substantially conflicts, such verdict cannot be disturbed.

Appeal from District Court, Steele County; *Pollock, J.*
Action by Andrew Muri against John A. White and William U. White. Judgment for plaintiff, and defendants appeal.
Affirmed.

*Morrill & Engerud,* for appellants.

*George Murray,* for respondent.

BARTHOLOMEW, C. J. On October 10, 1895, certain grain in stack belonging to plaintiff was destroyed by fire. Plaintiff brings this action to recover the value of the grain so destroyed, alleging that the fire which destroyed the grain was caused by the careless and negligent operation of a straw burner steam threshing engine, at the time owned and operated by the defendants. The answer denies all carelessness and negligence in the operation of said engine, and denies that the fire that destroyed plaintiff's grain was set by said engine. The trial resulted in a verdict for plaintiff, and defendants bring the case to this court on questions of fact only, and it is urged that the verdict is without support in the testimony. We have studied the evidence with care, and we reach a different conclusion. The witnesses were very numerous, and there is considerable conflict in their testimony. But they agree that it was an exceedingly windy day. It is undisputed that many other machines in that neighborhood stopped running, deeming it unsafe to continue in such a wind. It is not shown that any machine except that of defendants was kept running. This fact alone would warrant a finding that it was negligence on the part of defendants to keep their engine in operation. It is undisputed that live sparks will constantly escape from a straw-burning engine when running, whether the spark arrester be down or not. The wind was blowing from the northwest. The machine was set from northwest to southeast, the engine being northwest of the separator. The exact angle at which the wind would blow and at which the machine was set are matters upon which the witnesses differ. The fire started in or very near to the northeast side of the straw stack. According to some of the witnesses, the wind, assuming that it blew from one point of the compass without variation, would not carry the sparks from the engine so far north. According to other witnesses, it was entirely probable that the flying sparks would reach that point. There was evidence tending to show that one man standing in a wagon near the point where the fire started had been

smoking, and that he knocked the ashes from his pipe. But all this evidence was submitted to the jury under instructions with which defendants are content. Either of these agencies might have produced the fire. It was the duty of the jury to say where the preponderance of the evidence fixed the liability. Their finding cannot be disturbed. The case falls far short of showing that bias or prejudice on the part of the jury that would warrant this Court in setting aside their verdict..

Affirmed. All concur.