(76 N. W. Rep. 987.)

---

## B. J. HOWLAND *vs.* R. N. INK.

Opinion filed October 10th, 1898.

### Appeal—Review of Evidence.

In cases tried by a jury, the Appellate Court will not examine the evidence further than to determine whether it is sufficient to sustain the verdict.

### Evidence Sustains Verdict.

Evidence examined, and found sufficient.

Appeal from District Court, Richland County; *Pollock*, J.

Action by B. J. Howland against R. N. Ink for an account for legal services. From a judgment for plaintiff, defendant appeals.

Affirmed.

*W. H. Redmon,* for appellant.

*B. J. Howland,* in pro. per.

YOUNG, J. This action is based upon an account. Plaintiff obtained a judgment in a Justice Court of Richland County, from which an appeal was taken to the District Court, where he had a verdict. Defendant's motion for a new trial was overruled, and judgment was entered for plaintiff. Defendant now appeals to this Court. The instructions to the jury were not excepted to. Upon the record as it stands, but one question is to be determined by us, viz. is the evidence sufficient to justify the verdict?

Briefly stated, the uncontroverted facts are as follows: Defendant, Ink, was indebted in the sum of $250 upon an account for legal services to the law firm of Howland & Redmon, which was composed of the plaintiff, B. J. Howland, and W. H. Redmon. This

firm began business as such, in Wahpeton, in May, 1896. On November 1, 1896, the defendant, Ink, also an attorney, became associated with them, the firm name thereafter bearing the title of Redmon, Howland & Ink; but, by mutual agreement among themselves, the defendant, Ink, was not to share in the firm's profits or losses, or have any interest in the business, until further arrangements, which do not appear to have been made. On February 20, 1897, Redmon and Howland, by a written agreement over their individual signatures, dissolved their partnership, and provided therein generally for the division of the firm assets, including office furniture, notes, and accounts, not, however, enumerating or designating the particular items; also providing that their clients might select either one of the firm to conclude pending litigation. Among the accounts then due the firm was the $250 account of the defendant. Plaintiff, as for right to recover, alleged that, at the time of the dissolution of the partnership, this account was divided by specific agreement between himself and Redmon, $125 to be paid to him, and a like amount to Redmon, and that the defendant, Ink, assented to this division. This the defendant denied, but admitted the indebtedness as an existing one, but to the firm of Howland & Redmon. Upon the issue thus joined, the case was submitted to a jury, resulting in a verdict for plaintiff for $125.

Under the pleadings and instructions of the Court, which were not challenged by exceptions, the verdict hinged solely upon their finding as to the division of this account. Howland testified positively that it was divided, and with the assent of defendant; also to subsequent promises by defendant to pay it; and to some extent he was corroborated by the evidence of other witnesses. Both Redmon and Ink, on the other hand, with equal emphasis denied the division. Thus, upon this one point, which, under the pleadings and instructions, determined plaintiff's right to recover, there was a square conflict in the evidence. It is not for us to conjecture whether we might have returned a different verdict. It is well settled that in cases tried by a jury, where the evidence is conflicting, the appellate Court will not weigh the evidence, or go further than determine therefrom whether or not the party has given sufficient legal evidence to sustain his verdict. Clearly, there was sufficient evidence to support the verdict returned. The lower Court did not err in overruling the motion for new trial.

Judgment affirmed. All concur.