(54 App. Div. 192.)

RODGERS v. CLEMENT.

(Supreme Court, Appellate Division, First Department.  November 9, 1900.)

PLEADING — ANSWER — ADMISSIONS — AMENDMENT—AFFIDAVIT BY ATTORNEY—
SUFFICIENCY.
  Defendant in his answer, on which the cause was tried, made certain admissions. On appeal such admissions were found by the appellate court important in determining the result. On reversal his attorney moved on his own affidavit to amend the complaint, by striking out such admission. *Held* that, no excuse being shown for defendant's failure to present an affidavit himself, the admissions being as to facts within his own knowledge, leave to amend the answer was improper.

Appeal from special term.

Action by John C. Rodgers against Frank H. Clement. From an order granting the defendant's motion for leave to amend answer, plaintiff appeals. Reversed.

For former opinion, see 44 N. Y. Supp. 516.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

L. Laflin Kellogg, for appellant.

F. R. Minrath, for respondent.

PER CURIAM. The order allowing an amendment of the answer herein should not have been granted on the affidavit, on which alone the motion for leave to amend was founded. That affidavit was made by one of the attorneys of record for the defendant. The proposed amendment consists of the omission from the answer, as it was originally framed, of an admission of fact, which the court of appeals has held to be a crucial one, connected with the merits of the controversy. To expunge that admission is radically to change the course of the litigation. Whether the fact admitted is true or not rests in the knowledge of the defendant, and not of his attorney; although the latter certainly does know all that has taken place heretofore in the progress of the case through the courts, and is competent to swear to the materiality of an amendment in the interest of his client. But when a solemn admission appears in a pleading, and upon that admission a cause has been tried and passed upon, on appeal by the court of last resort, before the issues or the conceded facts are changed, the court is entitled to the oath of the party in whose behalf the change is sought, or a sufficient reason for not furnishing it should be shown. Here the attorney says merely that he is informed and believes his client is absent from the city. That is utterly insufficient. The present order does not relate to practice only, nor to a mistake in pleading; it affects a matter of grave importance, pertaining to the merits. The attorney cannot know the facts connected with the transactions of the parties before the action was begun, and out of which it arose, and he does not claim personal knowledge of those transactions. That being so, and no sufficient excuse for the defendant's failure to present an affidavit being shown, the order should not have been made (Cross v. Insurance Co. [Sup.] 6 N. Y. Supp. 84; Clark v. Sullivan [Sup.] 8 N. Y. Supp. 565; Van Ingen v.

66 N.Y.S.—38

Herold [Sup.] 19 N. Y. Supp. 456; Pach v. Geoffroy [Sup.] 19 N. Y.
Supp. 583; Talbert v..Storum [Sup.] 21 N. Y. Supp. 719; Simmons·
v. Hazard [Sup.] 20 N. Y. Supp. 508), and must be reversed, with $10
costs and disbursements, and the motion denied, with $10 costs; but
the defendant is permitted to renew the motion at the special term,
on proper papers, on payment of such costs.

---

(54 App. Div. 291.)

### BIEDERMAN v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Division, First Department.  November 9, 1900.)

STREET RAILROADS—CHILD CROSSING TRACK—CONTRIBUTORY NEGLIGENCE.
    Plaintiff, a child 13 years of age, attempted to cross a street traversed by
    a single street-railway track on which defendant's cars ran north, at a
    time of day when the cars could easily be seen.  With the exception of a
    wagon going south, which plaintiff permitted to pass before starting across
    the street, there was nothing to obstruct her view.  She did not look to·
    see whether a car was approaching after leaving the sidewalk, and, though
    the driver of the car and others warned her, which warning could have
    been heard but for the fact that her ears were inclosed in a shawl, she
    stepped on the track, and was struck, the driver bringing the car to a stop·
    within five feet.  *Held*, that plaintiff was guilty of contributory negligence.

Appeal from trial term, New York county.