# F. A. PATRICK & CO., Corporation, v. JAMES N. AUSTIN, Executor of the Estate of Kate Austin Angell, Deceased.

## (127 N. W. 109.)

**Verdict — Conclusiveness.**

1. The jury having found a verdict in favor of the plaintiff, and the trial court having refused to set it aside, a verdict will not be disturbed, where it appears there is substantial conflict in the evidence.

**Executors and Administrators — Claims against Decedent — Second Presentation — Estoppel.**

2. If a party makes an attempt to present a claim to an administrator or executor for allowance, but from some cause fails to properly do so, he is not estopped from again presenting it in due form if within the proper time.

**Same — Verification of Claims.**

3. The verification of the claim presented to the executor on September 11, 1906, substantially complied with § 8100, Rev. Codes 1905.

**Trial — Order of Proof.**

4. The mere fact that testimony, which constitutes a part of the plaintiff's original case, was admitted in rebuttal after the testimony of the defendant had been closed, does not constitute error.

Opinion filed June 3, 1910.

Appeal from District Court, Dickey county; *Honorable Frank P. Allen,* J.

Action by F. A. Patrick & Co. a corporation, against James M. Austin, executor of the estate of Kate Austin Angell, deceased. From judgment in favor of plaintiff, defendant appeals.

Affirmed.

*S. G. Roberts,* for appellant.

There can be but one claim presented. Boyd v. Von Neida, 9 N. D. 337, 83 N. W. 329; Farwell v. Richardson, 10 N. D. 34, 84 N. W. 558; Gillespie v. Wright, 93 Cal. 169, 28 Pac. 862.

Administrator cannot extend time to present claims against the estate of decedent. Winter v. Winter, 101 Wis. 494, 77 N. W. 883; Fields v. Mundy, 106 Wis. 383, 80 Am. St. Rep. 39, 82 N. W. 343; Boyd v. Von Neida, 9 N. D. 337, 83 N. W. 329; Farwell v. Richardson, 10 N. D. 34, 84 N. W. 558; Re Smith, 13 N. D. 513, 101 N. W. 890; Janin

v. Browne, 59 Cal. 37; Ricketson v. Richardson, 19 Cal. 330; Gillespie v. Wright, 93 Cal. 169, 28 Pac. 862.

*Geo. T. Webb,* for respondent.

Affidavit commencing with deponent's name need not be signed by him. Stevens v. Central Nat. Bank, 69 Hun, 460, 24 N. Y. Supp. 222.

The claim, as presented, must be verified according to law. Anderson v. Cochran, 93 Tex. 583, 57 S. W. 29; Perkins v. Onyett, 86 Cal. 348, 24 Pac. 1024; Gillmore v. Dunson, 35 Tex. 435; Westbay v. Gray, 116 Cal. 660, 48 Pac. 800; Warren v. McGill, 103 Cal. 153, 37 Pac. 144.

Order of admission of proofs is in the sound discretion of the court. Burt v. State, 38 Tex. Crim. Rep. 397, 39 L.R.A. 305, 330, 40 S. W. 1000, 43 S. W. 344; Priest v. Union Canal Co. 6 Cal. 170, 4 Mor. Min. Rep. 515; Rheinhart v. State, 14 Kan. 318; State v. Webb, 18 Utah, 441, 56 Pac. 159; Brooks v. Crosby, 22 Cal. 43.

CARMODY, J. This action was brought by the plaintiff to recover judgment against the estate of Kate Austin Angell, deceased. Kate Austin Angell died on or about the 9th day of February, 1905, testate, and was at the time of her death a resident of Ellendale, North Dakota. The last will and testament of said deceased was duly admitted to probate on or about the 16th day of August, 1905. One Thomas Sefton was appointed administrator with the will annexed, and duly qualified and entered upon the duties of such administrator, and continued to act as administrator with the will annexed until about the 28th day of February, 1906, when the defendant herein, who was named as executor in said will, was duly appointed as such executor, and entered upon the duties of his trust on or about the 26th day of March, 1906, and has ever since been acting as such executor. In the month of September or October, 1905, the plaintiff by George T. Webb, its attorney, presented its claim against said estate to Thomas Sefton, the administrator as aforesaid, for allowance. The administrator neglected to act upon the same, either to allow or reject it, but kept it, in his possession until after he ceased to act as such administrator, and then returned it to plaintiff. In the month of April or May, 1906, plaintiff, through its said attorney, presented the claim to this defendant for

allowance, who neglected to allow or reject it. On or about the 11th day of September, 1906, the plaintiff again presented its claim to this defendant, as such executor, who did not act upon the same, either to allow or reject it. This action was commenced on the 21st day of December, 1906, the plaintiff alleging in its complaint that it presented its said claim duly verified to the defendant on the 11th of September, 1906. Plaintiff's contention is that the claim presented to Thomas Sefton in September or October, 1905, and again presented to defendant in April or May, 1906, was not a duly verified claim, and that the only duly verified claim was presented against the estate on the 11th day of September, 1906. The defendant contends that the claim presented to the administrator with the will annexed in September or October, 1905, and to this defendant in the month of April or May, 1906, is the same claim that plaintiff claims to have presented to this defendant on September 11th, 1906, and that the statute of limitations commenced to run on the expiration of the ten-day period after its presentation to said administrator in the month of September or October, 1905.

At the close of all the evidence, defendant moved the court to direct a verdict in his favor on all the issues, for the reason that the plaintiff has failed to make out a case by competent legal evidence, and that the action was not commenced within three months after the lapse of the ten-day period in which the claim became rejected. This motion was overruled by the court, and the case submitted to the jury, which returned a verdict in favor of plaintiff and against the defendant for the sum of $231.10, with interest from the 11th day of September, 1906.

In due time the defendant moved for judgment notwithstanding the verdict, or for a new trial, which motion was denied and judgment entered on the verdict, from which judgment defendant appeals to this court.

Appellant assigns numerous errors, but in our view of the case the only errors necessary to consider is whether the evidence is sufficient to sustain the verdict, whether when a claim is presented it is necessary that it be verified in accordance with the provisions of § 8100, Rev. Codes of 1905, to set the statute of limitation running, and whether it was error to admit the evidence introduced by plaintiff in rebuttal. It is admitted that, if the plaintiff is entitled to recover, the amount of

the verdict is correct. On the 11th day of September, 1905, the defendant signed the following receipt:

I have this day received of George T. Webb claims against the estate of Kate Austin Angell, deceased, as follows:

| | | | | | |
|---|---|---|---|---|---|
| F. Vogel & Sons, | vs. K. A. Angell | Estate | Amount | $ | 84.02 |
| Butler Bros., | " " | " | " | | 48.02 |
| F. E. Case, | " " | " | " | | 25.88 |
| Newman, Roth Co., | " " | " | " | | 51.39 |
| Theo. Acsher Co., | " " | " | " | | 86.17 |
| Frank W. Norton & Co., | " " | " | " | | 87.83 |
| A. T. McDonald Co., | " " | " | " | | 57.65 |
| F. A. Patrick Co., | " " | " | " | | 260.41 |
| B. Painter, | " " | " | " | | 52.04 |
| Leslie Paper Co., | | | | | |

And filed the same this day.

Dated at Ellendale, N. D., this 11th day of September, 1906.

(Signed) James M. Austin,

Administrator.

The claim alleged to be presented to defendant on September 11, 1906, and on which this action is brought, is as follows:

In the Matter of the Estate of Kate Austin Angell, Deceased.

F. A. Patrick & Co., Claimant, Respondent.

Creditor's Claim, $————.

........................., the undersigned, a creditor of said Kate Austin Angell, deceased, presents his claim against the estate of said deceased, with the necessary vouchers, to Thos. Sefton, administrator, and to the said county court, for allowance and approval, as follows, to wit:

Estate of Kate Austin Angell, Deceased,

To F. A. Patrick & Co.

Dr.                    Cr.

As per attached account Exhibit A.                    $260.41.

## Oath of Claimant.

State of Minnesota,⎫
County of St. Louis.⎭ ss.

Geo C. Stone, Treas. of F. A. Patrick & Co., a corporation of the city of Duluth, being duly sworn, doth say that the within and foregoing claim against the estate of Kate Austin Angell, late of the village of Ellendale, in said county of Dickey, deceased, is justly due and owing to the said F. A. Patrick & Co.; that the amount thereof, to wit, the sum of two hundred sixty and 61-100 dollars ($260.61), is justly due to said claimant; that no payments have been made thereon, except such as are credited upon said claim, and that there are no offsets or counterclaims against the same to the knowledge of deponent.

(Signed) F. A. Patrick & Co.,

By George C. Stone.

Subscribed and sworn to.

Defendant, called as a witness for the plaintiff, testified that he signed receipt marked Exhibit A. Does not know whether plaintiff's claim was presented at the date of the receipt or not. Cannot say it was not. The receipt is not right but does not know whether it is right as to the claim of the plaintiff. Cannot specify individual claims but knows that it is right as to all the claims mentioned therein.

Thomas Sefton, on behalf of the defendant, testified that there were several claims presented to him while he was acting as administrator with the will annexed, of the estate of Kate Austin Angell, deceased. That this claim was presented to him in September or October, 1905, by George T. Webb, plaintiff's attorney. That he did not take any action on it. That he was under the impression the claim was verified. That he could not call to mind particularly the wording of the claim. That it is his impression that the claim was sworn to and signed, just exactly how he could not say. The paper marked Exhibit C may have been the paper presented to him. He filed all claims away in an envelope, and when he ceased to be administrator he returned all claims to the parties presenting them.

George T. Webb, attorney, testified for plaintiff in rebuttal that in

the fall of 1905 he presented a statement of plaintiff's claim to Thomas Sefton, the administrator with the will annexed. That he has no independent recollection of this particular claim, as he presented eight or ten claims at the same time. Did not think these bills or claims were verified under the statute; to the best of his knowledge they were not. That he presented the claim to defendant in the spring. That he does not believe the statment was duly verified when first presented to defendant. That the claim as presented September 11th, 1906, is in his handwriting, although he has no independent recollection of making it out. That he remembers getting blank affidavits from the county judge for the presentation of claims.

The evidence of the witness Webb was objected to by defendant as incompetent, irrelevant, and immaterial, and not in rebuttal of any evidence introduced by the defendant. It will be noticed that the claim sued on was verified in Duluth on the 25th day of September, 1905. While the evidence is not very satisfactory, we think the court did not commit any error in refusing to direct a verdict in favor of the defendant, and the jury having found a verdict in favor of plaintiff, and the trial court having refused to set it aside, we cannot disturb the verdict. Taylor v. Jones, 3 N. D. 235, 55 N. W. 593; Black v. Walker, 7 N. D. 414, 75 N. W. 787; Muri v. White, 8 N. D. 58, 76 N. W. 503; Howland v. Ink, 8 N. D. 63, 76 N. W. 992; Becker v. Duncan, 8 N. D. 600, 80 N. W. 762; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Magnusson v. Linwell, 9 N. D. 157, 82 N. W. 743; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Drinkall v. Movius State Bank, 11 N. D. 10, 57 L.R.A. 341, 95 Am. St. Rep. 693, 88 N. W. 724.

Plaintiff insists that the rejection of a claim not properly verified does not set in motion the statute of limitation as to actions on such rejected claim. There being no satisfactory evidence of the verification of the claim as presented to the administrator with the will annexed, or to the executor previous to September 21, 1906, and the jury having found that the claim was not verified at the time of the two first presentations, we hold that the statute of limitations did not commence to run until September 21, 1906. True, the claim was not in terms rejected either by Sefton or defendant, but, under our statute, if the executor or administrator or the judge refuses or neglects to indorse his

allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day.

In the case at bar neither the administrator nor the executor rejected the claim, but keeping a claim for ten days is equivalent to a rejection. If a party makes an attempt to present a claim to an administrator or executor for allowance, but from some cause fails to properly do so, he is not estopped from again presenting it in due form if within the proper time.    Warren v. McGill, 103 Cal. 153, 37 Pac. 144; Westbay v. Gray, 116 Cal. 660, 48 Pac. 800; Crosby v. McWillie, 11 Tex. 94.

We think the verification of the claim presented on September 11th, 1906, substantially complied with § 8100, Revised Codes, 1905.

The claimant being a corporation, the verification would necessarily have to be made by an officer; in the case at bar it was made by the treasurer.

Section 8101, Rev. Codes of 1905, provides: "When it shall appear, upon the settlement of the accounts of any executor or administrator, that debts against the deceased have been paid without the affidavit and allowance prescribed by the preceding section, and shall be proven by competent evidence to the satisfaction of the county court that such debts were justly due, were paid in good faith, that the amount paid was a true amount of such indebtedness over and above all payments and set-offs, and that the estate is solvent, it shall be the duty of the said court to allow the said sums so paid in the settlement of said account."

This section, we think, is for the protection of the executor or administrator when he has in good faith paid a claim without its being verified, and has no application to the facts of the case at bar.    Most of the cases cited by appellant are not in point.    They hold that where a claimant presents his claim to the executor or administrator before a notice to creditors is published, that the statute of limitations commences to run from the time of presentation, without regard to the publication of the notice to creditors.

In Gillespie v. Wright, 98 Cal. 169, 28 Pac. 862, the claim was presented twice and rejected each time.    The plaintiff's attorney believing that it was not sufficiently formal the first time, again, at a later day, presented it to the attorney of the defendant for action by the

executrix.   It does not appear in what manner it was defective, if any. The supreme court of California held that the statute of limitations began to run from the first presentation.   This case was decided in 1892, and in the later case of Westbay v. Gray, decided in 1897, the supreme court of California there held that if a party makes an improper attempt to present a claim to an administrator he is not estopped from presenting it, if within the proper time.

The objection of the defendant to the testimony of the witness Webb, called after the defendant rested, is not well taken.   It was a matter within the discretion of the trial court, and we cannot say that he abused his discretion.   The mere fact that testimony which constitutes a part of the plaintiff's original case was admitted in rebuttal after the testimony of the defendant had been closed, does not constitute error. Madson v. Rutten, 16 N. D. 281, 13 L.R.A.(N.S.) 554, 113 N. W. 872; State v. Werner, 16 N. D. 83, 112 N. W. 60; Pease v. Magill, 17 N. D. 167, 115 N. W. 260.

Finding no prejudicial error in the record, the judgment appealed from is affirmed.   All concur.