DAKOTA NATIONAL BANK, Appellant, v. KLEIN-
SCHMIDT, Respondent.

(144 N. W. 934.)

1.    **Executors and Administrators—Action Against—Burden of Proof.**
        Plaintiff, suing an administrator upon a promissory note, had
        the burden of alleging and proving in trial court every fact
        essential to maintain the action.

2.   **Executors and Administrators—Action Against—Presentation of Claim.**

Under Prob. Code, forbidding suits against an estate, unless the claim has first been presented to the personal representative, a legal presentation of a claim against an administrator, verified according to the form prescribed in the statute, is a necessary condition precedent to the right to sue thereon.

3.   **Appeal—Error—Objection to Jurisdiction—When Taken—Defective Complaint.**

An entire failure to state a fact essential to court's jurisdiction, or to state a cause of action in the complaint, may be urged at any state of the proceedings, or on appeal.

4.   **Executors and Administrators—Action Against—Previous Presentation of Claim—Verification—Statute.**

Under Prob. Code, Sec. 171, requiring, among other things, that every claim due when presented to an administrator be supported by affidavit of claimant, or some one in his behalf, that there are no offsets thereto to the knowledge of claimant or affiant, **held**, that an affidavit wholly omitting to state that there were no offsets was defective, and made the presentation ineffectual for purpose of maintaining an action on the note.

5.   **Executors and Administrators—Presentation of Claim—Waiver—Mandatory Statute.**

Under Prob. Code, Sec. 171, prescribing the legal prerequisites of a legal presentation of a claim against an administrator, and Sec. 173, providing that when he has paid a claim without the necessary affidavit accompanying its presentation, the probate court may allow him credit therefor, upon · proof that the debt was justly due and was paid in good faith, and that the estate was solvent, **held**, that he could not waive the requirement of legal presentation as a condition precedent to maintenance of an action thereon; that the statutory provision for such presentation is mandatory.

6.   **Executors and Administrators—Action on Note—Pleading—General Denial—Issue of Presentation—Dismissal of Action.**

In an action against an administrator, upon a note, the general denial raises an issue as to due presentation of the claim, and upon plaintiff's failure to show presentation as a condition precedent to maintaining the action, the action should be dismissed.

7.   **Appeal—Error—Disregard of Immaterial Errors—Statute.**

Under Laws 1913, Ch. 178, Sec. 1, directing that no exceptions shall be regarded, either upon motion for new trial or upon appeal, unless it clearly appears that the error related to a material point, and that the effect was prejudicial to the party excepting, **held**, that errors in the instructions, or otherwise, will not be regarded where plaintiff failed to show a legal

presentation of a claim against an administrator necessary to maintenance of his action thereon.

(Opinion filed January 12, 1914.)

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, Judge.

Action by the Dakota National Bank against G. H. Kleinschmidt, administrator of the estate of Murwin E. Felty, deceased, upon a promissory note from a judgment for defendant, plaintiff appeals. Affirmed.

*Hazle & Huntington (Gaffy, Stephens & Fuller of counsel),* for Appellant.

*Theo. Quale,* and *Sutherland & Payne,* for Respondent.

The first contention of the respondent in this appeal is that the plaintiff did not state, in his complaint, nor did it prove at the trial any cause of action against the defendant. This contention may be made at any time, and for the first time on appeal. Wylly v. Grigsby, 11 S. D. 491.

The holder of such claim can not maintain an action thereon unless the claim is first presented to the executor or administrator. Probate Code, Sec. 178, 171.

The complaint alleges an attempted presentation of the claim to the administrator, and sets forth a copy of the affidavit of the claimant. This affidavit does not comply with the Statute, and is insufficient, and makes the attempted presentation of the claim entirely of no avail. The plaintiff was required to plead a proper presentation. 18 Cyc. 991; Hearn v. Kennedy, 85 Cal. 991; Grant v. Grant, 63 Conn. 530; Stevens v. Haskell, 72 Maine 244; Walters v. Prestige, 30 Tex. 65.

Particularly, it does not state "that there are no offsets to the same to the knowledge of the claimant or affiant."

Compliance with this statute is mandatory, and a failure to attach a proper affidavit makes the presentation of the claim fatally defective. Chaeirs v. Chaeirs, 81 Miss. 662; Clancey v. Clancey, 7 New Mex. 405; Zachary v. Chambers, 1 Or. 321; Trabue's Executor v. Harris, 58 Ky. 597; Worley v. Hineman, 29 N. E. (Ind.) 569; Smith v. Goodrich, 167 Ill. 46.

SMITH, J. On August 11, 1910, the Northern Casualty Company was a corporation doing business in the city of Aber-

deen. One M. E. Felty was solicited by a financial representative of the corporation to subscribe to its capital stock. On August 11, 1910, Felty signed a stock subscription, the material part of which is as follows: "I, M. E. Felty, of Blunt, S. D., hereby subscribe for fifty shares of the capital stock of the Northern Casualty Company, fully paid and nonassessable, and agree to pay therefor the sum of twenty dollars ($20.00) per share."

In consideration of said stock subscription, and as a part of the transaction, Felty executed and delivered to the representative of the Casualty Company his promissory note as follows:

"$1,000.00.                              Blunt, S. D., Aug. 11, 1910.

"On the 31st day of Dec. 1910, for value received, I promise to pay to the order of Northern Casualty Co. of Aberdeen, S. D., the principal sum of one thousand dollars, with interest thereon at the rate of six per cent. per annum after maturity. The respective makers and indorsers hereof severally waive presentment for payment, protest, notice of nonpayment, and protest of this note. Both principal and interest are payable at the Hughes County Bank, Blunt, S. D.

"P. O.

No. Receipt 207. (Signed) M. E. Felty."

As a part of the same transaction, the representative of the Casualty Company executed and delivered to Felty a receipt or paper in the following form:

"No. 207.                                               $20.00 per share.
"$1,000.00.              $10.00 par;              $10.00 Surplus.
                                 "Receipt.

                   "Northern Casualty Company.

"Citizens' Bank Building, Aberdeen, S. D.

"Received of M. E. Felty note due Dec. 31st, 1910, for one thousand dollars in full for fifty shares of capital stock of the Northern Casualty Company at the price of $20.00 per share. In case Mr. Felty can't pay this note, it is to be extended or cancelled at his pleasure.

                              "John H. Davies,
                              "Financial Representative."

On the 2d day of December, 1910, the Northern Casualty Company, for a full and valuable consideration, sold, indorsed, and delivered said promissory note to the plaintiff, Dakota National

Bank. At the time of the indorsement and transfer the secretary of the Casualty Company informed the cashier of the plaintiff bank that the note had been given by Mr. Felty for a purchase of stock in the Casualty Company. It appears undisputed that the plaintiff bank had no actual knowledge of the clause in the receipt given by the financial representative of the Casualty Company, stipulating that, "in case Mr. Felty can't pay this note, it is to be extended or cancelled at his pleasure," and was an innocent purchaser in due course, unless the indorsement at the foot of the note, "No. Receipt 207," when considered in connection with the information communicated to the bank, that the note was given by Mr. Felty in purchase of stock of the corporation, was sufficient to put the bank upon inquiry, and charge it with notice of any facts which might be legitimately inferred therefrom.

It is undisputed that the stock subscription contract and the note were delivered by its agent to the Casualty Company on or about August 13, 1910, and accepted and entered on the stock records of the company, and a stock certificate thereafter issued in the name of Felty. This stock certificate appears not to have been delivered to Felty, but to the plaintiff bank, along with the note. The record is silent as to the reason why the stock certificate was delivered to the bank. The record further shows that on or about December 14, 1910, and after the transfer of the note to the plaintiff bank, Felty caused a letter to be written to the Casualty Company advising them that he desired to cancel his stock subscription, and would surrender the receipt upon return of his note. No action appears to have been taken on this request. There is no evidence showing that the Casualty Company had actual knowledge that Davis, their financial agent, had inserted in the receipt the clause permitting cancellation of the note at the pleasure of Felty; but we do not consider this fact material upon this appeal, because it cannot affect the rights of appellant bank, if an innocent purchaser for value before maturity.

Felty died in January, 1911, and Kleinschmidt was appointed administrator of his estate. On or about May 8, 1911, plaintiff presented the note to Kleinschmidt, as administrator, for payment, accompanied by an affidavit of Collins, cashier of the bank, which affidavit is sufficient to comply in all respects with section 171 of the Probate Code, except that it does not state that there are "no.

offsets to the same to the knowledge of the claimant or affiant." The claim was rejected by the administrator, as appears by an indorsement thereon, "for the reason that the said note was obtained by fraud and misrepresentation from the deceased during his lifetime; that there was no consideration for said note; that the said note is now and at all times has been the property of the Northern Casualty Company; and that any assignment which may exist has been entered into for the purpose of defrauding the estate of the deceased, and that the said claimant and the Northern Casualty Company have entered into a conspiracy to defraud this estate."

The complaint sets out in full the affidavit accompanying the claim, together with the indorsement of its rejection, as above stated. At the opening of the trial, the defendant objected to the introduction of any evidence under the complaint, for the reason that the claim as presented to the administrator was not supported by the affidavit required by statute, and therefore did not state a cause of action, which objection was overruled. Later in the trial the claim accompanied by the affidavit was offered by plaintiff, and received in evidence, without objection.

At the close of all the evidence, plaintiff entered a motion for direction of a verdict as follows: "Comes now the plaintiff at the close of all testimony in this case, and moves the court to direct a verdict for the plaintiff for the full amount of its claim in this case, on the ground that the undisputed evidence in this case shows that the decedent, Murwin E. Felty, gave his promissory note for a valuable consideration, that the same was transferred in due course of business for value received without any notice of any defense to the plaintiff, that said note is past due and wholly unpaid, and that the same has been presented to the defendant as a claim against the estate and rejected."

The overruling of this motion is assigned as error. Verdict and judgment for defendant. From the judgment and order overruling motion for a new trial, plaintiff appeals. Numerous errors are assigned; but, in the view we take of this case, none of them show prejudicial error.

[1-3] If appellant bank, upon its own pleadings and evidence, could not recover, regardless of any affirmative defense interposed it certainly cannot be deemed to have been prejudiced in its substantial rights by reason of alleged errors arising from the at-

tempt of defendant to interpose an affirmative defense. The burden was on appellant to allege and prove in the trial court every fact essential to maintain its action. The allegation and proof of legal presentation of its claim was a necessary condition precedent to its right to maintain the action. Lichtenberg v. McGlynn, 105 Cal. 45, 38 Pac. 541; Barthe v. Rovers, 127 Cal. 52, 59 Pac. 310; In re Smith, 13 N. D. 513, 101 N. W. 890. The allegation of the complaint and the evidence received under it are identical. Objection was made at the trial to the introduction of this evidence, both on the ground of incompetency of the evidence to establish the fact and insufficiency of the allegations of the complaint, and respondent urges the same objections on this appeal. An entire failure to state a fact essential to jurisdiction of the court, or to state a cause of action, in the complaint may be urged at any stage of the proceeding or on appeal. Such objection is not waived by a failure to demur. Code Civil Procedure, § 125.

Section 178, Probate Code, provides that: "No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator."

[4, 5] Legal presentation of a claim can be made only by a compliance with the requirements of section 171, Probate Code, which says: "Every claim which is due when presented to the administrator must be ssupported by the affidavit of the claimant or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant."

It is unnecessary to attempt an analysis of the different clauses of this statute further than to observe that ample reason exists in the very nature of the proceeding itself for each of said requirements. The entire omission of any one of them from the affidavit renders it materially defective, and the presentation ineffectual, for the purpose of maintaining an action on the claim. It will be observed that the affidavit as pleaded and as offered and received in evidence at the trial wholly omits the clause, " that there are no offsets to the same to the knowledge of claimant or affiant."

In the case of Whittmire v. Powell, 117 S. W. 433, the Court of Civil Appeals of Texas held, under a statute substantially like our own, that: "The affidavit required by this statute for the au-

thentication of a claim against an estate must contain all the requisites prescribed by said statute. If any one of its essential requisites is omitted, the affidavit is fatally defective, and the administrator of the estate is forbidden to allow the claim. * * * To constitute a legal presentation of the claim within the meaning of this statute, it is essential that the claim, when presented, be verified by an affidavit stating all the facts required to be stated by article 2070. So that the presentation of the claim to the executor or administrator authenticated in the manner prescribed by law and its rejection by him, either in whole or in part, is a condition precedent to a suit for its establishment against the estate. Such authentication, presentation, and objection must be averred and proved. It is not enough to merely allege its presentation and rejection; but its proper authentication should also be alleged (citing Thompson v. Branch, 35 Tex. 21; Walters v. Prestidge, 30 Tex. 74; Gillmore v. Dunson, 35 Tex. 436). Until presented, properly authenticated, and rejected by the administrator, the claim has no judicial standing, and cannot be made the foundation for an action having for its purpose the collection of such claim out of the assets of the estate." That court also holds that the statute requiring the claim to be authenticated by an affidavit such as the statute prescribes is mandatory, and that the courts are inhibited from rendering judgment in favor of a claimant suing on a claim which has not been legally presented and rejected.

In Alter v. Kinsworthy, 30 Ark. 756, as stated in the headnote it is held:

"The affidavit prescribed by law for the authentification of claims against estates is a prerequisite to the right of action against the administrator, which he cannot waive, and may be taken advantage of at any time before trial and final judgment, nor can an insufficient affidavit be cured by amendment." Ross v. Hine, 48 Ark. 304, 3 S. W. 190; Hayden v. Hayden (Ark) 150 S. W. 415.

The Arkansas statute provides that an action on a claim against an administrator shall be dismissed, unless the claim has been presented accompanied by the required affidavit. Such a statute is no different in legal effect from our own, which declares that no holder of any claim shall maintain an action thereon, unless the claim be first presented, for the self-evident reason that, if an action cannot be maintained without allegation and proof of

presentation, a dismissal must follow where there has been no legal presentation. If presentation may not be waived by the administrator under the Arkansas statute, it is equally clear that it cannot be waived under our own. The statute does not vest the administrator or executor with authority by waiver to permit an action to be maintained by a creditor in direct violation of the inhibition in the statute itself.

Courts construing similar statutes have held, almost without exception, either that presentation is jurisdictional or is a condition precedent to maintaining an action. In Whitmore v. Powell, supra, it is stated: "Until presented, properly authenticated, and rejected by the administrator, the claim has no judicial standing and cannot be made the foundation for an action having for its purpose the collection of such claim out of the assets of the estate." The following decisions are to the same effect: Cheairs v. Cheairs, 81 Miss. 662, 33 South. 414; Walker v. Nelson, 87 Miss. 268, 39 South. 809; Sanders v. Stephenson, 94 Miss. 676, 47 South 783; Leach v. Kendall's Adm'r, 76 Ky. (13 Bush.) 424; Perkins v. Onyett, 86 Cal. 348, 24 Pac. 1024; Worley v. Hineman (Ind. App.) 29 N. E. 570; Clancey v. Clancey, 7 N. M. 405, 37 Pac. 1105, 38 Pac. 168.

Nor is this rule changed by section 173 of the Probate Code, which provides in effect that, when a claim has been paid by the executor or administrator without the necessary affidavit, the probate court, in the settlement of his accounts, may allow him credit therefor upon satisfactory proof that the debt was justly due, and was paid in good faith, was the true amount of such indebtedness over and above all payments or set-offs, and that the estate is solvent. In such case, the statute places the burden on the executor or administrator of proving the same facts required in the affidavit. This statute is for the benefit of the executor or administrator; but it does not authorize him to waive the requirement of legal presentation by a creditor as a condition precedent to the maintenance of an action. The statute is discussed in Patrick v. Austin, 20 N. D. 261, 127 N. W. 109. The affidavit in this case was clearly defective in failing to state that there were no offsets to the claim, and the presentation alleged and proved was invalid.

[6, 7] The action should have been dismissed by the trial court for that reason, regardless of any affirmative defense pleaded

in the answer. The general denial raised an issue as to presentation, and the burden of proof was on plaintiff to show it as a condition precedent to maintaining the action. If appellant failed to show legal presentation, no errors in the instructions, or otherwise, could be substantially prejudicial, because appellant had failed to show legal rights which could be prejudiced. Without legal presentation, plaintiff had no standing in court, and unless plaintiff might have recovered, had no errors been committed by the trial court, it cannot now complain. Section 1, c. 178, Laws 1913, is declaratory of a rule which has long been recognized and acted upon by this court. That section directs that no exception shall be regarded, either upon a motion for a new trial, or upon appeal to this court, unless it clearly appears that the error relates to a material point, and *that the effect thereof was prejudicial* to the party excepting.

We think the case at bar is clearly within this rule, and the judgment and order of the trial court must be affirmed.