DETROIT AUTOMATIC SCALE COMPANY, Appellant, v. TORGESON, Respondent.

## (156 N. W. 86.)

(File No. 3789.   Opinion filed February 1, 1916.)

1. **Executors and Administrators—Claims—Statutory Affidavit by Agent—Showing Why Claimant Did Not Verify, Necessity for.**
   Under Prob. Code, Sec. 171, requiring an affidavit in support of an account presented to the administrator, and that, when made by a person other than claimant, he must state the reason why it is not made by claimant, held, that an affidavit to a claim in probate, purporting to be made by claimant's agent, it not appearing that the claimant was a corporation, was insufficient, where it failed to state the reason why the affidavit was not made by claimant, or that affiant was competent to make it.

2. **Same—Rejection of Claim—Necessity of Stating Grounds of Rejection—Waiver of Defect in Verification of Claim.**
   An administrator, in rejecting a claim against an estate, need not disclose the grounds upon which the rejection is based; and does not waive formal verification of the claim by failing to state such grounds.

Appeal from Circuit Court, Union County.   Hon. JOSEPH W. JONES, Judge.

Action by the Detroit Automatic Scale Company, a corporation, formerly the Stimpson Computing Scale Company, a corporation, against Trina Torgeson, as administratrix of the estate of T. L. Torgeson, deceased, to recover upon a claim against said estate.   From an order sustaining a demurrer to the complaint, and from a judgment of dismissal entered thereon, plaintiff appeals.   Judgment and order affirmed.

*Gantt & Ellis,* for Appellant.

*Brown & Brown,* for Respondent.

(1) To point one of the opinion, Appellant cited: Prob. Code, Sec. 171; Hardinburg v. Roberts, (S. D.) 61 N. W. 1128; Smtih v. Victorin, (Minn.) 56 N. W. p. 47.

Respondent cited: Prob. Code, Sec. 171; Empire State Min. Co., v. Mitchell, (Mont.) 74 Pac. 81; Perkins v. Onyett, (Cal.) 24 Pac. 1024; Dakota Nat'l. Bank v. Kleinsmith, (S. D.) 144 N.

W. 934; Maier Packing Co. v. Frey, (Cal.) 89 Pac. 875; State v. Chi. M. & St. P. R. R. Co., 4 S. D. 261, 56 N. W. 894; Mc-Wharter v. Donald, 34 Miss. 770-780, Am. Dec. 97; Zachary v. Chambers, 1 Ore. 321; Bierne v. Imboden, 14 Ark. 237; Cecil v. Rose, 17 Md. 92; Code Civ. Proc:, Sec. 134.

(2) To point two of the opinion, Appellant cited:  Shelton v. Berry, 19 Tex. 154, 70 A. D. 326; 8 Pac. 497; 62 Pac. 172; 10 Pac. 257; 27 Pac. 937; 37 Pac. 144; 58 Pac. 857.

SMITH, J.  [1] Appeal from the circuit court of Union county.  T. L. Torgeson died on October 20, 1912.  Trina Torgeson was appointed administratrix of his estate and duly qualified and entered upon the discharge of her duties.  A claim against the estate was presented to her for allowance as administratrix, which was rejected.  Such claim was supported by an affidavit in the following language:

"State of South Dakota,. County of Lincoln.

"W. E. Gantt, agent for the Stimpson Computing Scale Co., whose foregoing claim is herewith presented to the administratrix of said deceased, being duly sworn says that the amount thereof, to-wit, the sum of one hundred fifteen dollars ($115.00) is justly due said claimants, that no payments have been made thereon, which are not credited, and that there are no offsets to the same, to the knowledge of the said W. E. Gantt."

Plaintiff brings this action to recover the amount alleged to be due on this claim.  Defendant demurred to the complaint on the sole ground that the affidavit was insufficient to support the claim, in that it did not comply with section 171 of the Probate Code.  The demurrer was sustained by the trial court.  Plaintiff elected to stand upon the complaint, and final judgment was entered dismissing the action.  This appeal is to review the order sustaining the demurrer.

Section 171, Probate Code, so far as material here, is as follows :

"Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant or some one his his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant.  *  *  *  When the affidavit is made by a person

other than the claimaint, he must set forth in the affidavit the reason why it is not make by the claimant. * * *"

It is appellant's contention that this affidavit substantially complies with this statute. In this we think appellant is in error. Appellant relies chiefly on the case of Patrick v. Austin, 20 N. D. 261, 127 N. W. 109. We do not regard that case as controlling. The question here presented was but casually considered in that case. The court merely says:

"The claimant being a corporation, the verification would necessarily have to be made by an officer; in the case at bar it was made by the treasurer."

The court apparently overlooked the fact that the statments referred to as being in the affidavit, were mere recitals, and that the affidavit itself was signed and sworn to as, "F. A. Patrick & Co. by Geo. C. Stone." Further comment is unnecessary. Appellant here contends that the affidavit—

"Sets forth the fact that the claimant is a corporation, and the party making it is its agent. That the corporation being incapable of acting except by an agent, such affidavit is a substantial compliance with the statute."

It will be observed that it does not appear even by way of recital in the affidavit in this case (as it did in the Patrick Case), that the claimant is a corporation. The claimant is described in the recitals as the "Stimpson Computing Scale Company," which might be the name of a corporation, a partnership, or of a person transacting business under a fictitious title. This court cannot assume that the claimant is a corporation, and can act only by agent. The affidavit therefore is totally void of any allegation showing why it is not made by the claimant, or showing that affiant is competent to make it.

The case of Maier Packing Co. v. Frey, 5 Cal. App. 80, 89 Pac. 875, is on all fours with this case. The statute (section 1494, Cal. C. Civ. Proc.) is identical with section 171 of our Probate Code. The affidavit was in substantially the same language, and was held insufficient by the trial court as in this case. Affirming this ruling, the court said:

"The affidavit before us does not disclose the capacity or character in which claimant appears; there is no statement in it from which we can conclude that Maier Packing Company is an

incorporated company, and in the absence of some averment setting forth such fact, we cannot assume that it is a corporation. The affidavit is defective in not assigning some reason which would relieve claimant from making it. Where the claimant is a corporation, it should appear from the affidavit that the person acting on its behalf is an officer thereof, presumed from his official position to have sufficient knowledge of its affairs; or, if made by other than such official; it should contain averments tending to show, when he swears that there are no offsets to his knowledge, that the nature of his relation to the company is of a character calculated to place him in possession of the requisite information upon the subject. Where the affidavit is made by an individual, who bases his claim upon transactions had with deceased, the law imputes to him knowledge of the truth of the averments contained in his affidavit. When made by another on his behalf, such person should, in addition to averring that he has no knowledge of any offsets, aver facts showing that he was in a position to know of them if any existed."

This case follows Perkins v. Onyett, 86 Cal. 348, 24 Pac. 1024. In the latter case all the material parts of the affidavit are in the exact words used in the present affidavit, viz.:

"Milton J. Green, agent for Perkins & Co., whose foregoing claim is herewith presented to the executor of the estate of said deceased, being duly sworn, says," etc.

It may further be observed that the statute does not authorize the making of such affidavit by an "agent" of the claimant, as in certain attachment cases cited by counsel. The mere statement that the person making the affidavit is an agent of the claimant therefore would not show competency to make such an affidavit, nor would it be sufficient as a "reason" why the affidavit was not made by the claimant himself.

The general rule as to the sufficiency of affidavits is stated in 1 R. C. L. 762 (sections 3, 4); Crowns v. Vail, 31 Hun, 204, 4 N. Y. Supp. 324; Cross v. Nat. Fire Ins. Co., 53 Hun, 632, 6 N. Y. Supp. 84; Pach v. Geoffroy, 65 Hun, 619, 19 N. Y. Supp. 583; Talbert v. Storum, 66 Hun, 635, 21 N. Y. Supp. 1064.

[2] Appellant, however, further contends that where the administrator rejects a claim he must disclose the ground upon which the rejection is based, otherwise the defect is waived. This

rule obtains in certain states where the statutory requiremnts is construed to be directory only, as in Iowa. Wise v. Ottrim, 139 Iowa, 192, 117 N. W. 264, 130 Am. St. Rep. 301. In a few states it is held that the affidavit may be waived. Such is not the rule in this state. Bank v. Kleinschmidt, 33 S. D. 132, 144 N. W. 934.

The judgment and order are affirmed.