WILLIAM J. AUSTIN *vs*. ALEXANDER H. LAMAR et ux.; and THE SAME *vs*. HARDY DEAN et ux.

The final settlement of an administrator with the probate court is conclusive, operating as the judgment of a court of competent authority, with jurisdiction of the subject-matter and of the person, and cannot be called in question except by a direct proceeding by appeal or writ of error.

The act of 1846, (Hutch. Code, 728, § 3,) allowing bills of review in the probate court, does not apply to any final judgment of that court rendered before the passage of the act.

The annual settlements of a guardian with the probate court are not conclusive; but, when rendered under oath and allowed by the court, they are *primâ facie* evidence, and must be sustained unless the ward can show their incorrectness, which may be done upon the final settlement. There is no necessity for a bill of review before a final settlement.

A guardian is not liable for interest, in the probate court, unless he is directed to loan the money of his ward, or to take it on interest. If it his duty to obtain such order, his neglect to do so is a question sounding in damages, to be tried in another court.

Where the property of a ward consists entirely of money, which the guardian neither loans or uses, and no order is made in advance by the probate court, authorizing an encroachment upon the principal, no disbursements made by the guardian for the maintenance and education of the ward can be allowed in his settlements. The law is imperative, and leaves no discretion to the court.

Austin *v.* Lamar et ux.

The probate court may allow a guardian to retain such amount as he may have necessarily expended for his ward, having a due regard to the condition in life and future prospects of the ward, just as it would have made the allowance in advance; but no such allowance can be made to exceed the income of the ward.

The probate court has no authority to award damages against a guardian in favor of a ward. The statute only allows damages in a suit at law, or in equity, brought to recover a legacy, or an ascertained amount due from a guardian.

On appeal from the probate court of Yazoo county; Hon. Daniel Jones, probate judge.

The facts of the case are sufficiently stated in the opinion of te court.

*Mie s & Battaile,* for appellants.

*R. S. Holt,* for appellee.

*Per curiam.* This case comes up by appeal from a decision of the probate court of Yazoo county made on a bill of review, filed by Lamar and wife against Austin, as administrator on the estate of Jesse Cole deceased, and also as guardian of Mrs. Lamar, who is the daughter of Cole, who died in 1832. In the same year Austin administered on Cole's estate, and proceeded in a course of administration until 1841, when he made a final settlement, showing a balance due the estate of $5514.67, and was discharged from his administration. In regard to the attempt to review this settlement we need say but little. We have repeatedly decided that such settlements were final and conclusive, operating as judgments of a court of competent authority, with jurisdiction of the subject-matter and of the persons, and cannot be called in question except by a direct proceeding by appeal, or writ of error. We have also decided that the act of 1846, allowing bills of review in the probate courts, does not apply to any final judgment of that court made before the passage of the act. These decisions dispose of all the questions which relate to the administration account. If there was maladministration, it must be reached in a different way.

But Austin was also guardian of the distributees, having been appointed in 1834. When he settled his administration account, the money which was in his hands remained there afterwards as guardian. He had made no settlement as guardian prior to 1840; but in 1840 commenced his annual settlements as guardian, and continued them up to 1848, though prior to 1840 he had kept an account of the expenditures for his wards, which were embraced in his settlement of that year. Now in regard to these annual settlements of the guardian, prior to 1846, it is manifest the statute giving the bill of review, can give the court no more power over them than it would have had without the statute, as the act is to have no retrospective operation. If the settlements were conclusive, they cannot be opened by bill of review; if they were not conclusive, but subject to be opened and re-examined by the court on final settlement, then no bill of review is necessary. The law does not seem to warrant us in holding the annual accounts of guardians as conclusive. It requires the guardian to settle his accounts annually, and prescribes what the account shall contain. Hutch. Code, 505, sec. 128. And it also requires a final account when the ward marries or becomes of age. Ibid. 506, sec. 135. To make an account or settlement conclusive, notice is necessary, as in the case of executors and administrators. Nothing of the kind appears in regard to these settlements. But as they were made under oath, and regularly allowed by the court, they are *primâ facie* evidence, and must be sustained, unless the ward can show their incorrectness. Austin has made no final settlement, and there seems to have been no necessity for the bill of review, but the statute has given it to interlocutory as well as to final orders. We have already said the administrative account may be laid out of view, and it only remains to say something of the guardian's accounts. The bill attacks them because Austin has not charged himself with interest for the money on hand, which it is said he should have done, first, because he loaned the money at interest; or secondly, that he blended it with his own and used it; or thirdly, if he did neither, still it was his duty to have loaned it at interest, and

is therefore chargeable with damages for neglect of duty. Austin denies in his answer that he loaned the money, or used it, and says that he kept it on hand, separate from his own, and was not authorized to loan it without an order for that purpose, and was not bound to obtain such order. The allegations of the bill in this respect are not sustained, and we pass the subject with the single remark, that a guardian is not liable for interest unless he is directed to loan the money of his ward, or to take it on interest. If it was his duty to obtain such order, the neglect to do so is a question sounding in damages to be tried in another court.

·It is also alleged in the bill, that he has charged his wards with large sums of money for their maintenance and education, without a previous order of court, settling the amount to be annually expended. The accounts show this state of facts. The guardian received nothing but money for his wards; he neither loaned it nor used it; but yearly expended portions of the capital, without an order of court, until the original sum was diminished to less than half its amount. The law is very clear on this subject. It declares that the orphans' court shall settle the amount to be expended, having regard to the condition and future prospects of the ward, and may, if necessary, allow the expenditures to exceed the income. Hutch. Code, 505, sec. 131. By a subsequent section it is expressly declared the guardian shall not exceed the income of the ward, unless allowed to do so by order of court. Sect. 133. This law evidently provides for the order to be made in advance of the expenditure; and it leaves no room for doubt; there is no discretion left. If the guardian exceed the income of the ward, he must do so at his peril, however hard the case may be. The court may doubtless allow a guardian to retain such amount as he may have necessarily expended for his ward, having a due regard to the *condition* and future prospects of the ward, just as it would have made the allowance in advance; but no such allowance can be made to exceed the income of the ward. The guardian cannot, without express authority in advance, encroach upon the capital of the ward, whether that capital ·be in money or property. If a guardian

Pierce *v.* Lacy et al.

may expend the money of his ward without authority, the same principle would allow him to sell property every year for the support of the ward. The court in its decree rejected the claim for interest, and also disallowed the expenditures of the guardian, on the ground that there was no income, and no allowance could therefore be made. In both these respects the court was right; but it also allowed ten per cent. damages on the amount decreed to the ward. This was wrong. The statute only allows damages in a suit at law or in equity brought to recover a legacy, or an ascertained amount due from a guardian. Hutch. Code, 679. To that extent the decree must be reversed, but may be affirmed for the balance.