## ESTATE OF MARTIN E. COOK, Deceased.

A DECREE of the Probate Court, ordering a claim to be paid, rendered on petition of the administrator, and without objection by him, is final and conclusive; and cannot be assailed collaterally, nor directly, on the ground that it was rendered on insufficient evidence.

An objection, that a claim was never presented to the administrator, cannot be made after a decree allowing it.

APPEAL from the Probate Court, Sonoma County.

*D. O. Shattuck* and *P. L. Edwards*, for Respondent, argued: that it was too late to take the objection, that the claim should have been presented to the administrator. (*Cossit* v. *Briscoe,* 7 Eng. Ark. 95; *Austin* v. *Lamar,* 23 Miss. 189.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an appeal from an order of the Probate Court of Sonoma County, refusing to modify a decree of that Court, allowing and classifying certain claims against the estate of the deceased,

and directing the administrator to pay a dividend thereon from money of the estate then in his hands. The decree was rendered on the 16th of April, 1859, at the instance of the administrator, and upon his petition, stating the amount and class of the claims, the persons to whom due, and the amount of money in his hands ready to be paid out as the Court should direct. On the 9th of May, 1859, the administrator filed a petition, asking the Court to vacate the decree as to one of the claims, and to permit him to retain the money directed to be paid thereon, and stated, as the ground of his application, that such claim had never been presented to him for allowance. This the Court refused to do, and the administrator appealed.

It is unnecessary for us to decide whether the claim in controversy should or should not have been presented to the administrator in advance of its recognition and allowance by the Probate Court. The objection comes too late. It should have been made during the pendency of the proceedings, and prior to the decree, and could not be made afterward.

The Act to regulate the settlement of estates of deceased persons, provides that a decree of the Probate Court for the payment of creditors, shall bind the executor or administrator personally for the amount of the claim of each creditor, or the dividend thereon, and that an execution may be issued on such decree, as upon a judgment in the District Court. (Wood's Dig. 416, Sec. 245.) The decree is a judicial determination of the rights of the parties, and possesses all the elements of a final judgment. (Cossit v. Briscoe, 7 Eng. Ark. 95; Austin v. Lamar, 23 Miss. 189.) Like the judgment of any other Court, rendered in the exercise of a competent jurisdiction, it cannot be assailed in a collateral proceeding, nor in any proceeding, on the ground of the insufficiency of the evidence upon which it was rendered.

If the administrator had interposed his objection at the proper time, he could have brought the matter before this Court by appeal from the decree; but as this was not done, the decree is conclusive upon all questions of evidence involved in the controversy. It follows, that there was no error in the order of the Court refusing to modify its decree, and such order is, therefore, affirmed.

Ordered accordingly.