[L. A. No. 345.   Department Two.—September 25, 1897.]

In the Matter of the Estate of ELLEN M. MARSHALL, Deceased.

ESTATES OF DECEASED PERSONS—APPEAL—ORDER SETTLING FINAL ACCOUNTS
AND DISTRIBUTING ESTATE—UNDERTAKING—STIPULATION—DISMISSAL.—An
appeal from an order settling the final account of an executor, and
distributing the estate, cannot be dismissed on the ground that there
are two appeals, and that the undertaking is not sufficient for both
appeals, where there is a stipulation in the transcript that "an undertaking
in due form was properly made and filed," etc., and counsel
cannot be relieved from such stipulation after the expiration of the
time within which another bond might have been filed, upon a showing
that the undertaking in fact referred to only one of the appeals,
without determining which.

ID.—SETTLEMENT OF FINAL ACCOUNT—ITEMS ALLOWED IN PREVIOUS SETTLEMENTS.—Items
in a final account which had been allowed in previous accounts,
which were settled after due and sufficient notice of the filing
thereof, and of the time and place of hearing, are conclusive, and
cannot be re-examined upon settlement of the final account.

ID.—COMMISSIONS OF EXECUTORS—ALLEGED AGREEMENT FOR LESS COMPENSATION—FINDING
OF COURT.—An allowance of full commissions to the executors
in the final account will not be disturbed upon appeal, because
of an alleged agreement for less compensation, where there is not
sufficient evidence in the record to overthrow the finding of the court
against the fact of such agreement.

ID.—RENTS OF PROPERTY DEVISED JOINTLY—DISTRIBUTION.—Where a dwelling-house
and lot were devised jointly to the husband of the decedent,
and to their three daughters, subject to the right of the husband to
occupy the furnished house for life, and to the right of any widowed
or homeless daughter to occupy the same jointly with the husband,
one-third of the value of the furniture being the property of the husband,
and the remaining two-thirds thereof having been bequeathed
by the decedent to the three daughters, in making distribution of
rents of the furnished house received by the husband, who was one
of the executors, the rental value of the house and lot is to be ascertained
separately, and the proportion of rent received therefrom
is properly distributed to the husband and three daughters, share
and share alike, and the rental value of the furniture, after deducting
the husband's third thereof, is properly distributed to the three
daughters, share and share alike.

ID.—ALLOWANCE TO ATTORNEY FOR EXECUTORS.—The allowance of one hundred
dollars as a fee for the attorneys of the executors for legal services
rendered about the matters of the estate, after the allowance
and approval of the second annual account of an estate of the total
value of over forty-eight thousand dollars, is not unreasonable.

ID.—CERTIFICATE OF INDEBTEDNESS OF INSOLVENT BANK—CHARGE OF AMOUNT
RECEIVED—STATEMENT BY EXECUTORS.—Where the proportionate share
which the estate received upon a certificate of indebtedness of an in-

solvent bank was less than its face amount, the executors should not be charged with the full amount of the face of the certificate, but only with the real amount received, although the executors first stated the amount of the certificate as cash.

APPEAL from a decree and order of the Superior Court of San Diego County settling the final account of executors, and distributing the estate of a deceased person. W. H. Clark, Judge.

The facts concerning the rents of property devised jointly to the appellants and the executor, Marshall, and concerning the allowance of a fee for services of the attorneys of the executors, are stated in the syllabi upon those points. Further facts are stated in the opinion of the court.

J. L. Tucker, for Appellants.

McDonald & McDonald, for Respondents.

McFARLAND, J.—When this cause was submitted there was also submitted a motion to dismiss the appeal upon the ground that there was no sufficient undertaking on appeal given. The order appealed from is an order settling the final account of the executors of the estate of Ellen M. Marshall, deceased, and also distributing certain remaining property of said estate, and it is contended by respondent that there are really two appeals, one from the order settling the account and the other from the order of distribution, and that as the undertaking refers to only one appeal it is invalid, because it cannot be determined to which of the appeals it refers. The appeal is really only from certain named parts of the order, and it is doubtful whether it is an appeal from anything more than parts of the order settling the account. But this question need not be determined, because counsel for respondents signed a stipulation which was attached to the transcript to the effect "that an undertaking in due form was properly made and filed on behalf of said legatees and devisees in said action within five days after the service and filing of the said notice of appeal"; and after the expiration of the time within which another bond might have been filed counsel cannot be relieved of the effect of such a stipulation upon the show-

ing made in this case. The motion to dismiss the appeal is denied.

Upon the merits of the case we see no good reason for disturbing the order of the court below. The largest and main item of the account which is contested by appellants was a certain amount expended by the executors in the construction of a tomb over the remains of the decedent; but that amount was allowed and approved in the settlement of the first and second final accounts of the executors as found by the court, "after due and sufficient notice of the filing of said accounts and of the time and place of hearing thereon had been given, and that neither of said orders have ever been appealed from or set aside or modified." This, under the circumstances of this case, was conclusive. (Code Civ. Proc., secs. 1633, 1634, 1637; *Estate of Stott*, 52 Cal. 403; *Walls v. Walker*, 37 Cal. 424; *Reynolds v. Brumagim*, 54 Cal. 254.) This is also true of the item arising out of the sale of a carriage. It is also contended by appellants that the court erred in allowing the executors their commissions, which they were entitled to under the code, upon the ground that they had agreed to take less; but we see no sufficient evidence in the record to warrant us in overruling the court below upon that point. Neither do we see any error committed by the court in the matter of rents which belonged jointly to the appellants and the executor, Marshall; the conclusion of the court upon that point seems to be correct. The allowance of one hundred dollars as a fee for the attorneys of the executors was not unreasonable, and was properly allowed. Something is said in the brief of appellants about a certain certificate of indebtedness which the estate had against a bank which became insolvent. It appears that the executors first stated the amount of the face of the certificate as cash, but it appears that the proportionate share which the estate received upon the said certificate of the insolvent bank was less than its amount, and appellants seem to claim that the executors should be charged with the full amount of the face of the certificate. But, while this point is alluded to in the brief, no such point is made in the exceptions to the final account of the executors or in the specifications of error. Indeed, other parts of the transcript show that all parties under-

stood the real amount to be that which was approved in the account. We see no other points necessary to be noticed.

The order appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.