[Sac. No. 543.   Department One.—January 20, 1899.]

In the Matter of the Estate of PETER J. SARMENT, Deceased. JOE D. BIDDLE et al., Administrators, etc., Appellants, v. Mrs. ANNA T. REYS et al., Respondents.

ESTATES OF DECEASED PERSONS—FINAL ACCOUNT OF ADMINISTRATOR—CHARGE OF INTEREST—BURDEN OF PROOF.—An administrator is not to be charged in the settlement of his final account even with simple interest upon the funds of the estate which have come into his hands, unless it is made to appear that some loss has been caused by his negligence or fault. He is not to be charged with compound interest, unless he is shown to be guilty of some positive misconduct or willful violation of duty. The burden is upon the contestant of his account to show that he should be charged with any interest.

ID.—COMMINGLING OF FUNDS—DEPOSIT IN BANK—COMPOUND INTEREST.—Mere evidence that an administrator mingled the funds of the estate with his own funds, would not justify charging him with interest thereon; and evidence that he deposited moneys of the estate in a bank, managed by his brother, who was a surety on his bond, does not justify a finding that he embezzled the estate, or warrant charging him with compound interest, in the absence of proof that the bank made any other use of the funds deposited than that made by banks of deposit in general.

ID.—ERRORS IN ACCOUNT.—Errors in the account in the omission of items in respect of which there is no evidence of embezzlement or conversion, does not justify a charge of compound interest thereon; nor can the administrator be charged with simple interest on any omitted sum of money prior to the date at which it was received.

ID.—FINDING ASSAILING INTEGRITY OF ADMINISTRATORS—INSUFFICIENCY OF PROOF.—A finding which assails the integrity of the administrators may be challenged by them for insufficiency of proof, although it does not affect the result of the accounting.

ID.—PAYMENT OF ALLOWANCE TO WIDOW—RECEIPT AS EVIDENCE.—The production of a voucher from the widow, showing a receipt of payment of "one thousand dollars balance payment of the eighteen hundred dollars allowed by the court for widow's allowance," is *prima facie* evidence that only one thousand dollars of the allowance was then unpaid, and threw upon the contestant the burden of showing the contrary; and in the absence of counter-proof the court should credit the payment of the allowance in full.

ID.—ORDER FOR PAYMENT INTO COURT—DISCHARGE OF ADMINISTRATOR—LIABILITY TO CREDITORS.—The court has no power to order an ad-

ministrator to pay the balance of the estate into court, and that he thereupon be discharged. He is responsible for the assets until paid out by him under the directions of the court; and upon the entry of the order for the payment of claims, he becomes liable therefor, both personally and upon his bond, to the creditors who are entitled to execution, which liability he cannot escape by complying with an order to pay the money into court, which the court had no power to make.

APPEAL from an order of the Superior Court of Tulare County settling the final account of administrators. Wheaton A. Gray, Judge.

The facts are stated in the opinion of the court.

M. L. Short, and Horace L. Smith, for Appellants.

Dixon L. Phillips, and Rowen Irwin, for Respondents.

HARRISON, J.—The administrators of the above estate have appealed from the order settling their final account and directing a disposition of the estate in their hands. The estate is insolvent, and the account was contested by the surviving widow and one of the creditors of the deceased. The court disallowed some of the items of expenditures set up in the account and held that the administrators should be charged with compound interest upon certain moneys in their hands from the time of their receipt.

1. A former account of their receipts and expenditures prior to June 24, 1894, filed by them December 5, 1894, in which they had charged themselves with the proceeds of certain sheep sold by them in 1893, had been settled by the court at the sum of five thousand one hundred and sixty-three dollars and seventy-six cents. Certain items of expenditure which were omitted from that account were presented and allowed in the present account, and the court finds that they had in their possession on August 1, 1893, the sum of five thousand and seven dollars and nine cents, upon which they should be charged with compound interest from that date at the rate of seven per cent. It is contended by the appellants that the court erred in thus charging them with interest upon this amount. ·

An administrator is not to be charged with even simple interest upon the funds of the estate which may be in his hands, unless

it is made to appear to the court that the estate, or the parties. interested in it, have sustained loss by reason of his negligence or fault; but he is not to be charged with compound interest except in cases in which he has been guilty of some positive misconduct or willful violation of duty. (*Wheeler v. Bolton*, 92 Cal. 159.) As he is required by the statute to take into his possession all of the estate of his intestate, and to give bonds for its preservation, it would be inequitable to charge him with interest upon moneys which might at any time be received by him, from the date of their receipt, merely because he had retained them in his possession. Until the estate should be in a condition which would authorize him to take steps for its settlement, he would violate no duty in failing to take such step. Whether any delay in procuring an order for its settlement would authorize the court to charge him with interest must be determined by the court upon a consideration of all the circumstances of the case, including the character and condition of the estate, the causes of the delay, and whether it has been reasonable or unreasonable. (*Walls v. Walker*, 37 Cal. 424; 99 Am. Dec. 290.) The burden of showing that he should be charged with interest is upon the contestant.

The court finds that in July, 1893, the administrator Biddle embezzled and wrongfully mingled with his own funds the proceeds of the sale of the sheep, and also that the administrators were negligent in the management of the estate, and in failing to file their final account and close up the estate at the proper time for doing so, and that the estate has been for three years in a condition to file their final account and close it up. It is upon these findings that the respondents seek to sustain the order of the court charging the administrators with compound interest. We are of the opinion, however, that the claim of the appellants. that these findings are not supported by the evidence must be sustained.

The court does not find, nor is there any evidence, that the administrators used the funds of the estate in their own business, or made any profit from their use. The mere fact that one of them mingled the proceeds of the sale with his own funds would not justify charging him with interest thereon since he had the right to their custody, and there is no provision

of law which required him to keep them separate from all other funds. The finding is rested upon the evidence of the administrator Biddle that he kept the moneys he realized from the sale of the sheep with his brother, S. E. Biddle. His brother was one of the sureties on his bond, and was manager of the Bank of Hanford, and when the money was received by the administrators it was turned over to him, and presumably, although there is no direct evidence to that effect, was deposited by him in the bank. Payments by the administrators on account of the estate were made by checks drawn upon the Bank of Hanford, signed "Joe D. Biddle & Co." and indorsed upon their face "on acct. P. J. Sarment estate." There was no evidence that S. E. Biddle or the Bank of Hanford made any use of the funds thus deposited other than the use made by banks of deposit of the funds of their depositors. This evidence did not justify the court in finding that the administrator Biddle had embezzled the funds of the estate, or in holding that he should be charged with compound interest thereon. The record does not disclose the date at which the administrators had reduced the entire estate to money, but it appears therefrom that they were in possession of certain real estate from which they received rents until January 5, 1895, at which date it was sold under a decree of foreclosure. As the present account was filed May 27, 1897, the finding of the court that the estate had been for three years in a condition to be closed was unauthorized.

2. At the hearing of the contest certain errors in the account were discovered, from which it appeared that the administrators should be charged with four hundred and sixty-six dollars and one cent more than was shown by the account as presented by them, and the court found that this amount had been embezzled by Biddle, and held that the administrators should be charged with compound interest thereon from April 1, 1894. This amount was made up of three items, viz.; one hundred and thirty-nine dollars and one cent for an error in stating the account; sixty dollars collected for rent in the last three months of 1894; and two hundred and sixty-seven dollars collected for rents by suit, the date of the receipt of which is not shown, but it appears that it was not paid at the date of the former account. It is manifest that the administrators should

not be charged with interest prior to the dates at which they received the money, and we are unable to find any evidence which would authorize the court to find that this money was embezzled or converted by the administrators, or which would justify imposing the penalty of compound interest thereon.

3. The appellants contend that the finding by the court that a claim of upward of seven thousand dollars against the estate in favor of Shoobert, Beale & Co. was purchased by S. E. Biddle for the sum of two hundred dollars for the use and benefit of the administrator, Biddle, is not sustained by the evidence. For the purpose of settling their account this finding does not affect the appellants, but to the extent that this is an indirect charge upon their integrity in the performance of their trust, and for that reason a basis for charging compound interest, they are justified in challenging the finding. Not only is there no evidence in support of the finding, but there is direct testimony to the contrary by both the administrator and his brother.

4. After settling the account the court in its order directed a *pro rata* payment upon the claims allowed, and also that five hundred and seventy-five dollars be paid to the surviving widow as a part of the family allowance previously ordered. The administrators claim to have paid this allowance in full, and that the court erred in directing this payment.

The disposition which the court might make of moneys in their hands belonging to the estate is immaterial to the administrators. All that they are concerned in upon a settlement of their account is to be credited with the various payments they have made, and to have the accounts settled according to the correct amount in their hands. Whatever disposition the court makes of this amount is no concern of theirs, and, if the parties interested therein make no objection to the order, they should be content.

The administrator testified that he had paid to the widow the whole of the family allowance, and produced a voucher from her which he procured a short time before the hearing, in which she acknowledges the receipt from the administrators of "one thousand dollars, balance payment of the eighteen hundred dollars allowed by the court for widow's allowance." The production of this voucher, purporting to be for the "balance" of the

eighteen hundred dollars, was *prima facie* evidence that no more
was unpaid, and threw upon the contestant the burden of show-
ing the contrary. In the absence of any other evidence, and
with the testimony of the administrators that the whole had been
paid, the court should have given them credit for the full
amount. In their account filed herein they credit themselves
with the payment of fifteen hundred and seventy-five dollars as
the balance of the family allowance, and the widow in her contest
does not dispute this payment by them, but alleges that of this
sum about seven hundred dollars had been paid to the mercan-
tile house of Kutner, Goldstein & Co. without her knowledge
or consent. There was no evidence in support of this averment,
and the widow did not testify at the hearing, or give any evidence
controverting that of the administrators that the family allow-
ance had been fully paid. The court, however, ruled that the
voucher from her could be received as a voucher for only one
thousand dollars, and thereupon the administrators offered evi-
dence of other payments for her account. After the order for
family allowance had been made an arrangement was entered
into between the widow, the administrators, and the above mer-
cantile house in Hanford, by which that mercantile firm was to
furnish the widow with supplies, and the administrators were to
pay for the same from the amount of the family allowance. Un-
der this arrangement the sum of four hundred dollars was paid
to Kutner, Goldstein & Co. and credited to the administrators
upon their former account. The further sum of three hundred
dollars was paid upon this account with the mercantile firm No-
vember 8, 1894, for which the court should have allowed the
administrators credit. A bill of eighty-seven dollars and eighty
cents was paid by them to Hicks & Co. under a similar agree-
ment, and should have been allowed them by the court. They
also paid two sums of twenty-five dollars and seven dollars re-
spectively to the widow upon her family allowance, for which
they were entitled to credit. It would appear, although there
is no direct evidence thereof, that the sum of two hundred and
twenty-five dollars was credited to the administrators upon the
account for family allowance in the settlement of the former
account, but it does not appear whether this was any part of
the four hundred dollars paid to Kutner, Goldstein & Co., for

which they received credit in that account. It is impossible to tell from the record whether the administrators have received credit for all the payments made by them for the family allowance, but this matter can be determined by the court upon the next hearing.

5. After settling the account and apportioning the money in the hands of the administrators the court directed that "upon the payment into court and to the clerk thereof the sum of three thousand and twenty-nine dollars and eighty-two cents by the said J. D. Biddle, the administrator, which last-mentioned sum is to be paid out and distributed as hereinbefore directed, the said administrators shall thereupon be entitled to their discharge." No authority is cited in support of this portion of the order, nor is it authorized by any provision of the statute. The administrator is responsible for the assets in his hands, and so long as he remains in office is entitled to retain them in his possession until disposed of to the parties entitled thereto under the directions of the court. (*Estate of Welch*, 110 Cal. 605; *De Greayer v. Superior Court*, 117 Cal. 640; 59 Am. St. Rep. 220.) Upon the entry of an order for the payment of the claims against the estate the administrator becomes liable therefor to the creditors, both personally and upon his bond, and each creditor is entitled to an execution against him therefor. (Code Civ. Proc., sec. 1649.) He cannot escape this liability by complying with an order which the court had no power to make. (*Estate of Spanier*, 120 Cal. 698.) The court, therefore, erred in making this part of the order.

The order is reversed.

Garoutte, J., and Van Dyke, J., concurred.