[Civ. No. 940. First Appellate District.—February 21, 1912.]

L. HARTER COMPANY, a Corporation, Respondent, v. ELVIRA GEISEL et al., Defendants; THE UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, Appellant.

CLAIM AGAINST ESTATE—FINAL DECREE SETTLING ACCOUNT AND ORDERING PAYMENT—TIME OF PRESENTATION—COLLATERAL ATTACK BY SURETY ON BOND.—A decree settling the final account of an administratrix and directing the payment of a settled claim against the estate, the time for appeal from which has elapsed, is conclusively binding upon the surety of the administratrix, in case of her final noncompliance therewith, and the surety cannot collaterally attack

the decree by showing that the claim was forever barred by reason of the fact that it had not been presented within the time limited by law and by the notice to creditors.

Id.—General Jurisdiction of Superior Court in Probate—Objection Too Late.—The jurisdiction of the superior court, when sitting in a probate proceeding, is that of a court of general jurisdiction; and its order for the payment of the debts of a decedent's estate, as the circumstances may require, is within its jurisdiction, and is part of the settlement of the account; and an objection made after the decree ordering a claim to be paid has become final that it was not presented to the administratrix as required by law comes too late.

Id.—Failure to Present Claim in Time Not Jurisdictional on Final Settlement—Matter of Error—Absence of Fraud—Conclusiveness.—The failure to present a claim in time does not go to the jurisdiction of the court to direct its payment upon final settlement of the account. It is only matter of error to be corrected on appeal, and it cannot be otherwise objected to, in the absence of fraud or collusion, which has not been here alleged or claimed. If not legitimately assailed, the order settling the final account and directing payment of the claim is conclusive upon all persons interested in the estate, whether heirs, legatees, or creditors.

Id.—Final Official Duty of Administratrix to Comply With Order—Breach—Conclusiveness upon Surety.—Where the decree of final settlement of the claim and directing its payment has become final and conclusive as to all parties interested in the estate, it then becomes the final official duty of the administratrix to comply with the order directing her to pay the same, and the breach of such official duty is a breach of official trust which is not only conclusive upon the administratrix, but also, in the absence of fraud or collusion, is conclusive against the surety upon her official bond, who, by the terms of the bond, is liable therefor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Thomas, Frick & Beedy, for Appellant.

S. J. Hankins, and Wm. J. Hayes, for Respondent.

HALL, J.—Plaintiff brought this action to recover of Elvira Geisel, as principal, and the United States Fidelity and Guaranty Company, as surety, the sum of $1,587.31, being the

amount of plaintiff's claim against the estate of Eugene Emil Geisel, deceased, ordered by the superior court to be paid to plaintiff by said Elvira Geisel upon the settlement of her final account as administratrix of said estate.

Defendant Elvira Geisel, after demurrer overruled, failed to answer to the complaint, and her default was duly entered.

The surety, the defendant corporation, answered the complaint, but upon motion of the plaintiff the court entered judgment against it upon the pleadings for the amount sued for. From this judgment said defendant has appealed to this court.

The complaint sets up the various matters of inducement concerning the appointment of Elvira Geisel as administratrix of the estate of said deceased by the superior court of the city and county of San Francisco, the giving and approval of the bond sued on, and the like.

It is then alleged, "That on or about the 21st day of January, 1909, said court duly approved and allowed the claim of said plaintiff against the estate of said deceased for the sum of $1,587.31."

"That on or about the 26th day of May, 1909, said court duly and regularly made, rendered and signed a judgment and decree, settling the first and final account of said executrix; that said judgment ordered, adjudged and decreed that there was a sufficiency of assets for the payment in full of the indebtedness of said estate, and further directed that said executrix pay to said plaintiff the sum of $1,587.31."

Additional allegations show that said judgment and decree was entered in the minutes of the court August 20, 1909; that it has never been appealed from, and has become final, and is in full force and effect, and that no part of the said sum of $1,587.31 has been paid to plaintiff.

The only defense attempted to be set up in the answer of appellant is that the claim of plaintiff ordered to be paid in the decree settling the final account of the administratrix was not presented to the administratrix for allowance within the time limited by the law and the notice to creditors.

This defense is in part pleaded in certain denials, and also in affirmative allegations contained in the answer. It is insisted by respondent that the denials are sham and insufficient, as being made for want of information and belief as to mat-

ters that presumptively appear of record. But for the purposes of this discussion, we think we may treat the denials as properly made.

So treating the denials, the question to be determined upon the record in this case is correctly stated by appellant in its brief in these words: "Does the decree settling the final account of the administratrix and directing the payment of the claim of the plaintiff conclusively bind the surety, or may it collaterally attack the decree by showing that the claim was forever barred by reason of the fact that it had not been presented within the time limited in the notice to creditors?"

This question, we think, must be answered against the contention of appellant. It is not pretended that any irregularity occurred as to the notice given, hearing and settlement of the final account, except that this particular claim should not have been allowed by the court or ordered paid, because not presented to the administratrix within the time directed by the notice to creditors. The attack upon the decree is limited to this point.

The superior court sitting in probate is a court of general jurisdiction. (*Estate of Davis*, 151 Cal. 318, [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711].)

Upon the settlement of the account of the administratrix the court must make an order for the payment of the debts of the estate as the circumstances of the estate require. (Code Civ. Proc., sec. 1647.) Such order for the payment of the debts is within the jurisdiction of the court, and is a part of the settlement of the account. An objection, made after decree ordering claim to be paid has become final, that it was never presented to the administratrix, comes too late. (*Estate of Cook*, 14 Cal. 130.) This case (*Estate of Cook*) really disposes of the fallacy that lies at the bottom of the argument of appellant, to wit, that the failure to present a claim in time goes to the jurisdiction of the court to direct the payment of such claim upon the settlement of the account. It is a matter of error, to be corrected on appeal, and not a matter of jurisdiction which will invalidate the decree upon any collateral attack. The order of settlement and allowance by the court is conclusive against all persons in any way interested in the estate, and can only be attacked in the absence of fraud and collusion upon appeal.

(Code Civ. Proc., sec. 1637; *Estate of Cook,* 14 Cal. 130; *Estate of Marshall,* 118 Cal. 379, [50 Pac. 540]; *Estate of Grant,* 131 Cal. 426, [63 Pac. 731]; *Estate of McDougald,* 146 Cal. 191, [79 Pac. 878]. See, also, *Gordon* v. *Gordon,* 55 N. H. 399; *Florentine* v. *Barton,* 2 Wall. (U. S.) 210, [17 L. ed. 783].)

The heirs, devisees, legatees and creditors are of course interested in the disposition that the court may make of the funds found to be in the hands of the administrator, and if injuriously affected thereby may in proper time appeal from the order of the court disposing of the estate. If they do not do so, they are bound by the decree made by the court; and it necessarily becomes the duty of the administrator to dispose of the funds in his hands as directed by the order of the court.

"The disposition which the court might make of moneys in their hands belonging to the estate is immaterial to the administrators. All that they are concerned in upon a settlement of their account is to be credited with the various payments they have made, and to have the accounts settled according to the correct amount in their hands. Whatever disposition the court makes of this amount is no concern of theirs, and, if the parties interested therein make no objection to the order, they should be content." (*Estate of Sarment,* 123 Cal. 331, [55 Pac. 1015].)

From the authorities hereinbefore cited, and the discussion thus far had, we think it is demonstrated that when the parties interested in an estate have allowed a decree settling an account and directing the payment of claims, made after due notice, to become final, such decree is, as to all persons interested in the estate, protected from collateral attack, unless it may be for fraud or collusion, which is not alleged or claimed in the case at bar.

All parties in interest being bound by a decree so made, it becomes the plain duty of the administrator to comply with such decree. His refusal so to do is a violation of his duty as administrator, for which the person injured thereby may hold his surety. Such order, in the absence of fraud or collusion, is conclusive not only against the administrator but also against the surety. (*Irwin* v. *Backus et al.,* 25 Cal. 214, [85 Am. Dec. 125].)

The cases cited by appellant from other jurisdictions, to the effect that a judgment obtained by a claimant, against an administrator, may be attacked by the surety when sued thereon, because the claim was barred for want of presentation in time, have no application under a system such as we have in this state, where, upon the presentation of the administrator's account, all persons interested in the estate are brought under the jurisdiction of the court by notice, and the court is authorized to make a decree binding upon all persons interested in the estate. While under our system the surety may not be before the court upon the settlement of an account, his principal and all persons interested in the estate are, and are bound by the decree. The breach of duty by the administrator consists in his refusal to comply with an order made by a court having jurisdiction of the subject matter and the parties in interest. Such a refusal is a breach of his trust as such administrator, and by the very terms of the bond the surety is liable therefor.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.