PEOPLE, PLAINTIFF AND APPELLEE, v. QUIRÓS, DEFENDANT AND APPELLANT.

Appeal from the District Court of Arecibo in a Prosecution for Petty Larceny.

No. 925.—Decided July 3, 1916.

PETTY LARCENY — ADVICE OR INSTIGATION — AUTHORS OR PRINCIPALS — COMPLAINT.—A complaint alleging that some of the defendants counseled, incited and suggested to other defendants the commission of a specified crime of petty larceny, they being principals or authors of the crime, charges a public offense.

The facts are stated in the opinion.
*Mr. Félix Santoni* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the appellee.
MR. JUSTICE HUTCHISON delivered the opinion of the court.
Defendant, appellant, was convicted of petit larceny under an information charging the offense as follows:

"The *fiscal* charges Juan Figueroa, Pío Muñiz, Venancio Santiago, Eulogio Quirós and Andrés Quirós with the crime of petty larceny (misdemeanor), committed as follows:

"During the night of February 22, 1915, in the ward of Cialitos of the municipality of Ciales which forms a part of the judicial district of Arecibo, P. R., the said Juan Figueroa, Pío Muñiz and Venancio Santiago, then and there wilfully, unlawfully, with criminal intent and by common agreement stole, took and carried away five beehives made of wood and zinc and containing bees, the same being of the value of $50 and the property of C. López de Tord.

"And the *fiscal* alleges further that the said Eulogio Quirós and Andrés Quirós wilfully, unlawfully, criminally and maliciously advised, incited and encouraged the said Juan Figueroa, Pío Muñiz and Venancio Santiago to commit the said crime of petty larceny as aforesaid, they being principals or authors of the same.

"This act is contrary to the statute for such case made and provided and against the peace and dignity of The People of Porto Rico."

The information is assailed on the ground that as to defendant, appellant, it does not charge an offense in that it does not specify the particular acts constituting the advice and encouragement alleged, and in that it does not allege that the defendants Quirós, *"not being present,"* advised and encouraged the commission of the crime.

Aside from the common law distinction as to treason, petit larceny and misdemeanors, the only authorities cited by appellant (*People* v. *Campbell,* 14 Cal. 129,. and *People* v. *McGungill,* 41 Cal. 429) do not represent the law either in California or elsewhere under code provisions similar to our own, and the contention is without merit. *People* v. *Outeveras,* 48 Cal. 19; *People* v. *Rozelle,* 78 Cal. 84; *People* v. *Nolan,* 144 Cal. 75; 1 R. C. L. 151, section 33; 22 Cyc. 360, 361; 3 Bishop, New Criminal Procedure, sections 1 to 15, page 1217 *et seq.*

As to the only other error assigned, to wit, that the evidence does not support the judgment, it will suffice to say that a careful examination of the testimony discloses no such manifest error on the part of the trial judge as to warrant a reversal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.