[Civil No. 2870. Filed March 3, 1930.]

[285 Pac. 684.]

A. DAVID LATHAM, as Administrator *De Bonis Non* of the Estate of HERMAN SCHOENE-WALD, Deceased, Appellant, v. CHARLES McCLENNY, as Executor of the Last Will and Testament of KARL HOERATH, Deceased, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Corporation, Appellees.

338

Mr. Earl F. Drake and Mr. A. David Latham, for Appellant.

Mr. Charles McClenny and Mr. Samuel White, for Appellees.

LOCKWOOD, C. J.—May 26th, 1926, Herman Schoenewald died in Maricopa county, Arizona, and thereafter Karl Hoerath filed his application to be appointed as the administrator of the estate of Schoenewald, which petition on June 14th, 1926, was duly granted, and he qualified, Hartford Accident & Indemnity Company, a corporation, hereinafter called the company, being the surety on his administrator's bond. An order for publication of notice to creditors was duly made, and notice was published in accord-

ance therewith. The notice called for the presentation of claims within four months after the first publication, the estate being of a value requiring such a period. This four months expired on November 3d, 1926. On the fifteenth day of January, 1927, Hoerath presented to the judge of the superior court a duly verified claim in his own favor for $3,333.97—being the entire balance remaining in the estate after the payment of expenses of administration and all claims filed within the statutory time—which claim was on the same day approved by the court. Thereafter, and on the twenty-fifth day of January, Hoerath filed his final account and report, listing all claims purported to have been allowed and for the payment of which he then sought credit, among them being the one last mentioned; and on February 21st, 1927, the court entered an order approving said account and discharging the administrator.

Schoenewald's heirs were two brothers, two sisters and the heirs of a deceased sister, all of whom resided outside of the state of Arizona, and had no knowledge of the death of Schoenewald or of the aforesaid proceedings until April, 1928. In the meantime, Hoerath died and Charles McClenny was appointed and qualified as executor of his will. A. David Latham, hereinafter called plaintiff, was later appointed administrator *de bonis non* of the Schoenewald estate, and brought this action in equity against the executor and the company, seeking to vacate and set aside the order of the probate court allowing the claim of Hoerath, described above, and the one settling his final account as administrator of the Schoenewald estate, and to recover the amount of the aforesaid claim, on the ground of fraud in procuring said orders, and also on the ground of the want of jurisdiction of the court to consider or allow the claim after the expiration of the time for the presentation of creditors' claims in the estate. The

defendants demurred separately to the second amended complaint, on the ground that it did not state a cause of action, and, plaintiff electing to stand upon his complaint, judgment was rendered dismissing the action, from which judgment this appeal was taken.

The sole error assigned is that the court erred in sustaining the demurrer and rendering judgment dismissing the complaint, but under this assignment several interesting legal propositions are raised which we will discuss as seems advisable. On such an assignment, of course, all the matters properly pleaded must be assumed as true. It is first claimed by defendants that it was necessary for plaintiff to file a claim in the Hoerath estate as a condition precedent to bringing this action. So far as McClenny, as executor, is concerned, we think the contention well founded. The gist of the action is that Hoerath, as administrator, converted the trust funds of the Schoenewald estate in his hands to his own use, without authority of law. If it had been possible to follow the converted property so that the identical trust fund or its product in new form could be traced into the possession of the personal representatives of the deceased trustee, it was not necessary to present a claim against the estate of the latter, but a beneficiary of the trust who is unable to do this must present his claim against the estate for allowance. *McGrath* v. *Carroll,* 110 Cal. 79, 42 Pac. 466; *Title Ins. & Trust Co.* v. *Ingersoll,* 158 Cal. 474, 111 Pac. 360; ·24 C. J. 894.

The company, however, the surety on Hoerath's bond, is not entitled to raise this objection, as the mere failure to present a claim against the estate of the principal on a bond does not release the surety. *Los Angeles County* v. *Lankershim,* 100 Cal. 525, 35 Pac. 153, 556; *Yerxa* v. *Ruthruff,* 19 N. D. 13, Ann.

Cas. 1912D 809, 25 L. R. A. (N. S.) 139 and note, 120 N. W. 758.

The demurrer was correctly sustained therefore, so far as McClenny was concerned, on the ground that no claim having been presented, no cause of action existed as against him. The question as to the sufficiency of the complaint against the surety, however, must be determined on other grounds.

That the claim should have been disallowed by the probate court when presented is too plain to require discussion. The authorities are unanimous to the effect that under statutes such as ours, if a claim is not presented in the time and manner prescribed by statute, it is barred; and not only is the remedy on the claim destroyed, as with the ordinary statute of limitations, but the right itself is wiped out, and the claim ceases to exist, as though it had been paid. Rev. Stats. of Ariz. (Civ. Code) 1913, pars. 882 and 888; *In re Rodgers' Estate,* 68 Mont. 46, 217 Pac. 678; *In re Hildebrandt's Estate,* 92 Cal. 433, 28 Pac. 486; *In re Cates' Estate,* 195 Cal. 319, 232 Pac. 972; *Rhodes* v. *Cannon,* 112 Ark. 6, 164 S. W. 752.

It is contended, however, that notwithstanding the item under such circumstances may not be allowed as a claim, nevertheless if it is paid by the administrator, the court has the power to credit him with such payment in his account under the last sentence of paragraph 883, Revised Statutes of Arizona (Civil Code) 1913, which reads as follows:

"When it shall appear, upon the settlement of the accounts of any executor or administrator, that debts against the deceased have been paid without the affidavit and allowance prescribed in this section, and it shall be proven by competent evidence to the satisfaction of the court that such debts were *justly due,* were paid in good faith, that the amount paid was the true amount of such indebtedness over and above all payments or set-offs, and that the estate is solvent,

it shall be the duty of said court to allow the said sums so paid in the settlement of said accounts." (Italics ours.)

And we are cited to the cases of *Stapley* v. *Stapley,* 29 Ariz. 487, 242 Pac. 1005, and *In re Tamer's Estate,* 20 Ariz. 228, 179 Pac. 643, as sustaining this construction. We are of the opinion that the cases cited do not go to this extent, but that the proper construction of the law is that if the claim is paid by the administrator while it is still enforceable against the estate, and the court is of the opinion it was one which would have been approved if properly presented, the mere fact that the formalities of the law have not been complied with before its payment, will not prevent an administrator, who has in good faith paid the claim during such period, from receiving credit therefor in his accounts. When, however, the period fixed by statute within which claims may be presented has elapsed, not only without the presentation of the claim but without its payment, the administrator may not thereafter pay the claim and receive credit therefor. It is generally held, under provisions similar to paragraph 883, *supra,* that since the nonclaim statutes not only deny a remedy but wipe out the debt itself, the administrator may not waive them, and it is his duty to refuse to pay any claim thus barred. *In re Cates' Estate, supra; In re Rodgers' Estate, supra; Fullerton* v. *Bailey,* 17 Utah 85, 53 Pac. 1020; *Dakota Nat. Bank* v. *Kleinschmidt,* 33 S. D. 132, 144 N. W. 934; *F. A. Patrick & Co.* v. *Austin,* 20 N. D. 261, 127 N. W. 109; *Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772; 24 C. J. 973.

The claim was, therefore, not only improperly allowed, but the court should not have credited Hoerath with its amount in his final account. The proper remedy, however, was for the heirs or anyone interested to appear at the account and object to the allowance of the item, and if the court had persisted

in making it, to appeal from the order. Rev. Stats. Ariz. (Civ. Code) 1913, par. 1012; *In re Doane's Estate,* 64 Wash. 303, 116 Pac. 847.

We come, then, to the two remaining questions of whether or not the order allowing the claims and account was void for lack of jurisdiction, and therefore subject to attack by an action in equity, instead of being merely erroneous; and if not void on its face, whether it may be attacked collaterally for fraud. In the case of *Brecht* v. *Hammons,* 35 Ariz. 383, 278 Pac. 381, 382, we have stated the requisites of a judgment valid on its face as follows:

"Three things must concur or a judgment is void upon its face, and may be attacked at any time. The court must have (a) jurisdiction of the subject-matter of the case, (b) jurisdiction of the persons involved in the litigation, and (c) jurisdiction to render the particular judgment given. If these three matters concur, even though the judgment be erroneous or wrong, so that it could be reversed on appeal or set aside on direct attack, it is not void as against collateral attack."

Do these three matters appear in the case at bar? Jurisdiction of the persons is not denied. Jurisdiction to make the particular orders in question, allowing claims and approving accounts, of course, lies in the probate court. Did it have jurisdiction of the subject matter of the case?

The precise point was raised in the case of *L. Harter Co.* v. *Geisel,* 18 Cal. App. 282, 122 Pac. 1094, on a state of facts essentially that of the case at bar, and the court held that the error did not go to the jurisdiction of the court, and did not subject the order to a collateral attack. See, also, *Estate of Martin E. Cook,* 14 Cal. 130; *O'Brien* v. *Larson,* 71 Minn. 371, 74 N. W. 148.

Counsel for appellant insists, however, that under the rule laid down in the Brecht case, *supra,* it ap-

pears on the face of the record in the case at bar that the court lacked jurisdiction to pass upon the claim, and the order was therefore void. We are of the opinion that counsel has not properly distinguished the facts in the two cases. In the Brecht case, the presumed right on which the action declared on was based never existed as a matter of law. In the case at bar, it existed at one time but was barred by subsequently arising facts. The difference is like that between trying a defendant for an act never prohibited by law, and trying him for one which is prohibited but which the record shows he did not commit. In the first place, any judgment rendered is void and subject to collateral attack. In the second, it is not, and is only reviewable on appeal. We are of the opinion that the trial court correctly refused to hold the orders allowing the account and approving the claim were made without jurisdiction.

The last question is as to whether or not the order may be attacked on the ground of fraud. The ordinary rule of law is that the fraud which will warrant the setting aside of a judgment must be something extrinsic or collateral to the matter tried upon the original hearing, and not a fraud or mistake in the very matter on which the judgment was entered or order made. *United States* v. *Throckmorton,* 98 U. S. 65, 25 L. Ed. 93. The allegation of the complaint on this subject is that Hoerath "with a deliberate intention and premeditated design on his part to convert all of said cash residue of said estate to his own use and benefit . . . and well knowing that the time for presentation of claims against said estate had long since expired, did on the 15th day of January, 1927, as administrator of said estate, present . . . a certain purported claim . . . with intent to impose upon the jurisdiction of the court and . . . failed to disclose to the court, to whom said

claim was presented, the fact that the said time for presentation of claims had expired." The fraud alleged was the failure of Hoerath to disclose the fact that the time for the presentation of claims had expired. It is similar in effect to an allegation that the judgment was obtained by perjured testimony as to the merits of the case. Ordinarily, perjured testimony is intrinsic and not extrinsic fraud, and a judgment so obtained cannot be attacked collaterally. *Giffen* v. *Christ's Church*, 48 Cal. App. 151, 191 Pac. 718; 34 C. J. 566. Though this doctrine has been questioned by respectable authority; *Laun* v. *Kipp*, 155 Wis. 347, 5 A. L. R. 655, 145 N. W. 183. Where, however, the party who speaks falsely or refuses to speak occupies a fiduciary relation towards the injured party, so that it is his duty to state the facts, and profits by his own fraudulent conduct, it would seem the better rule is that such conduct will justify a court of equity in intervening even in a collateral proceeding, whether the fraud be considered extrinsic or intrinsic. *Laun* v. *Kipp, supra; Sohler* v. *Sohler,* 135 Cal. 323, 87 Am. St. Rep. 98, 67 Pac. 282; *Smith* v. *Smith,* (D. C.) 210 Fed. 947, Id., (C. C. A.) 224 Fed. 1; *Burnett* v. *Milnes,* 148 Ind. 230, 46 N. E. 464; *Bowsman* v. *Anderson,* 62 Or. 431, 123 Pac. 1092, 125 Pac. 270; *Schneider* v. *Sellers,* 25 Tex. Civ. App. 226, 61 S. W. 541; *Hewitt* v. *Hewitt,* (C. C. A.) 17 Fed. (2d) 716; *Diamond* v. *Connolly,* (C. C. A.) 251 Fed. 234.

An administrator is, of course, a trustee for the heirs, and the complaint sets up fraudulent conduct which, if true, would justify the relief sought for.

The judgment is reversed and remanded, with instructions to overrule the demurrer of the company and for further proceedings not inconsistent with this opinion.

McALISTER and ROSS, JJ., concur.