[Civil No. 3218. Filed November 16, 1932.]

[15 Pac. (2d) 1112.]

A. DAVID LATHAM, as Administrator *De Bonis Non* of the Estate of HERMAN SCHOEN-WALD, Deceased, Appellant, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Corporation, Appellee.

Mr. A. David Latham and Messrs. Struckmeyer & Jennings, for Appellant.

Mr. Samuel White and Mr. Charles McClenny, for Appellee.

ROSS, J.—This is the second time this case has come here. In our opinion, in *Latham* v. *McClenny*, reported in 36 Ariz. 337, 285 Pac. 684, we state quite at length the issues involved and also the facts as presented by the pleadings. We will not repeat ourselves, but will supply only such additional facts as may be necessary to the present purpose.

The proceeding is one that collaterally attacks an order in probate on the ground of fraud. The sufficiency of the complaint, as tested by demurrer, to state a cause of action was then before us. We held that an order of the court in probate allowing and approving an account or demand of the administrator against the estate, presented after the time fixed in the published notice to creditors, was within the court's jurisdiction, and was not subject to collateral attack except for fraud. We also held that the allegation of the complaint to the effect that the administrator, with intent to convert the funds of the estate being administered by him, filed a claim against it and failed to disclose to the court allowing the claim that the time for its presentation had expired, was an allegation of fraudulent conduct by a trustee towards the heirs of the estate, and, if true, would justify a court of equity in intervening to prevent the fraud.

The case as remanded was tried before the court upon the same complaint. As we said in passing

upon it: "The fraud alleged was the failure of Hoerath (administrator) to disclose the fact that the time for the presentation of claims had expired." The law of the case is set out in our former opinion and the issue was also stated. The court heard the evidence on the issue of fraud, and gave judgment for the defendant. The plaintiff appeals, assigning as grounds therefor that the judgment is not supported by the law or the evidence and is contrary to both the law and the evidence. The only question under the pleadings and the order of the court remanding the case for a new trial is one of fact.

Honorable JOSEPH S. JENCKES was the presiding judge who approved the administrator's claim against the Schoenwald estate. He testified that he had no independent recollection of what occurred or what was said by Charles McClenny, who was the attorney for the administrator and presented the claim at the time he approved it, and added:

" . . . But I am quite sure that he (McClenny) did not tell me the time had expired. I am quite sure I would not have signed that claim knowing that the time had expired."

Concerning the same act, McClenny testified:

"I stated to the Court at the time that the time for his presentation of claims against the estate had gone by. But we talked this matter all the way through the administration of the estate. Then he says, 'I will . . . approve the claim,' and he endorsed the formal approval on the claim at that time. . . .

"Also, I mentioned the fact that Hoerath had given testimony what he did for Schoenwald would be the basis for a claim. Jenckes remarked, I don't know his exact words, that he considered it a just claim and endorsed his approval on it and he certainly had full and complete knowledge that the statutory nonclaim period had lapsed."

We feel that, had we been sitting as the trial court, we would have accepted Judge JENCKES' testimony

negative though it is, but that will not permit us in our appellate capacity to substitute our judgment for that of the trial court. The circumstances surrounding the approval of the claim were gone into quite fully, and the trial court no doubt found support therein of his conclusion as to where the weight and credibility of the testimony lay. The rule of accepting the findings of the trial court or verdict of a jury upon conflicting evidence has been practically universally observed by this court, and we do not feel that this case should be made an exception.

It is argued by appellant that, although the administrator knew that there were heirs to the Schoenwald estate, he failed to disclose the fact to the court, which was a fraud on both the court and the heirs. No such fraud was charged in the complaint. At all events, the evidence on that point is conflicting, and the court's decision is therefore binding on us.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.